UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
-

                    :

MARSHAL ROSENBERG,           :    Civ. Action No. 1:18-CV-04830-AKH
                    :
        Plaintiff,      :
                    :
      -against-      :
                    :
METROPOLIS GROUP, INC., JOHN DOES  :
1-10, JANE DOES 1-10, AND XYZ      :
COMPANIES 1-10,           :
                    :
        Defendants.    :
-------------------------------------------------------- x
-

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**<u>METROPOLIS GROUP, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ................................................................................1

II.  STATEMENT OF FACTS...................................................................................3

    A.  Plaintiff. ..............................................................................................3

    B.  Metropolis..........................................................................................4

    C.  The Software.......................................................................................4

    D.  Plaintiff's Claims................................................................................6

III.  STANDARD OF REVIEW ................................................................................7

IV.  ARGUMENT ....................................................................................................10

    A.  Claim 1 (Copyright Infringement) Fails Under Rule 12(b)(6)....................10

        1.  The Complaint Fails to Allege Sufficient Facts to Support a Copyright
            Infringement Claim..........................................................................10

        2.  Plaintiff fails to identify any original elements ......................................11

        3.  Plaintiff fails to allege "what acts." ..................................................11

    B.  Claim 2 (DMCA Violation) Fails Under Rule 12(b)(6)..............................15

    C.  Claim 3 (Trade Secret Misappropriation under DTSA) Fails Under Rule 12(b)(6). ....16

    D.  Claim 4 (Trade Secret Misappropriation under New York Common Law) Fails
        Under Rule 12(b)(6). ........................................................................18

V.  CONCLUSION ....................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                      <u>Page(s)</u>

*Anderson News, LLC v. Am. Media, Inc.*,
   680 F.3d 162 (2d Cir. 2012) ....................................................................8, 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................ *passim*

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ..............................................................................7

*Banco Indus. De Venezuela, C.A. v. CDW Direct, LLC*,
   888 F. Supp. 2d 508 (S.D.N.Y. 2012) ...........................................................14

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................ *passim*

*Brass v. Am. Film Techs., Inc.*
   987 F.2d 142 (2d Cir. 1993) ...........................................................................10

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ...........................................................................10

*Davis v. McCready*,
   283 F. Supp. 3d 108 (S.D.N.Y. 2017)............................................................10

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010) .............................................................................9

*Dow Jones & Co., Inc. v. Int'l Securities Exchange, Inc.*,
   451 F.3d 295 (2d Cir. 2006) .............................................................................9

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
   599 F.3d 110 (2d Cir. 2009) ...........................................................................18

*Feick v. Fleener*,
   653 F. 2d 69, & n.4 (2d Cir. 1981) .................................................................10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991)................................................................................... 11-12

<u>Cases</u>                                                                      <u>Page(s)</u>

*Ferring B.V. v. Allergan, Inc.,*
   4 F. Supp. 3d 612 (S.D.N.Y. 2014)...........................................................................19

*Gym Door Repairs, Inc. et al. v. Young Equipment Sales, Inc. et al.,*
   No. 15 Civ. 4244 (JGK) (S.D.N.Y. Sept. 9, 2016) ...............................................13, 14

*Hamil America, Inc. v. GFI et al.,*
   193 F.3d 92 (2d Cir. 1999) ........................................................................................12

*Haviland v. J. Aron & Co.,*
   796 F. Supp. 95 (S.D.N.Y. 1992)..................................................................................8

*Honess 52 Corp. v. Town of Fishkill,*
   1 F. Supp. 2d 294 (S.D.N.Y. 1998)............................................................................10

*In re Document Technologies Litigation,*
   275 F. Supp. 3d 454 (S.D.N.Y. 2017).........................................................................17

*Jacobs v. Carnival Corp.,*
   No. 06 Civ. 0606 (DAB), 2009 WL 856637 (S.D.N.Y. March 25, 2009)...................8, 9

*Kelly v. L.L. Cool J.,*
   145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994).....................9, 10-11

*L-7 Designs, Inc. v. Old Navy, LLC,*
   647 F.3d 419 (2d Cir. 2011) .....................................................................................8, 9

*LaFaro v. N.Y. Cardiothoracic Grp., PLLC,*
   570 F.3d 471 (2d Cir. 2009) .........................................................................................8

*Medtech Products Inc. v. Ranir, LLC,*
   596 F. Supp. 2d 788 (S.D.N.Y. 2008)........................................................................18

*Menowitz v. Brown,*
   991 F. 2d 36 (2d Cir. 1993). .......................................................................................9

*MLSMK Inv. Co. v. JP Morgan Chase & Co.,*
   737 F. Supp. 2d 137 (S.D.N.Y. 2010),
   *aff'd in part*, 431 F. App'x 17 (2d Cir.), and *aff'd*, 651 F.3d 268 (2d Cir. 2011)...........14

*Next Commc'ns, Inc. v. Viber Media, Inc.,*
   No. 14 Civ. 8190 (RJS), 2016 WL 1275659 (S.D.N.Y. Mar 30, 2016) ........................19

Cases                                                                                  Page(s)

*N. Atl. Instruments, Inc. v. Haber,*

iii

188 F.3d 38 (2d Cir. 1999) ........................................................................18

*N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*
497 F.3d 109 (2d Cir. 2007) ....................................................................11

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,*
507 F.3d 117 (2d Cir. 2007) ......................................................................8

*Santana Products, Inc. v. Sylvester & Associates, Ltd.,*
2006 U.S. Dist. LEXIS 98045 (E.D.N.Y., Nov. 8, 2006),
*aff'd,* 279 Fed. Appx. 42 (2d Cir. 2008) ....................................................12

*Sazerac Co. v. Falk,*
861 F. Supp. 253 (S.D.N.Y. 1994)............................................................10

*Securities and Exchange Commission v. Thompson,*
238 F. Supp. 3d 575 (S.D.N.Y. 2017)..............................................7, 8, 9

*Sharp v. Patterson,*
No. 3 Civ. 8772 (GEL), 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004)............9

*Sit-Up Ltd. v. IAC/InterActive Corp,*
No. 05 Civ. 9292 (DLC), 2008 WL 463884 (S.D.N.Y. Feb 20, 2008) ........19

*Smartix Int'l Corp. v. Mastercard Int'l LLC,*
No. 06 CV 5174 (GBD), 2008 WL 4444554 (S.D.N.Y. Sept. 30, 2008) ......9

*Starr v. Sony BMG Music Entm't,*
592 F.3d 314 (2d Cir. 2010) ......................................................................7

*Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.,*
No. 15 Civ. 0211 (LGS), 2016 WL 5338550 (S.D.N.Y. Sept. 23, 2016) ......17

*Technomarine SA v. Jacob Time, Inc.,*
No. 12 Civ. 0790 (KBF), 2012 WL 2497276 (S.D.N.Y. June 22, 2012) ......14

*United States ex. Rel. Sommer v. Dixon,*
524 F. Supp. 83 (N.D.N.Y. 1981), *aff'd per curiam,* 709 F.2d 173 (2d Cir.),
*cert. denied,* 464 U.S. 857 (1983)............................................................10

*Yak v. Bank Brussels Lambert,*
252 F.3d 127 (2d Cir. 2001) ................................................................3, 9

Cases                                                                                          Page(s)

*Zdenek Marek v. Old Navy (Apparel) Inc.,*
348 F. Supp. 2d 275 (S.D.N.Y. 2004)........................................................3

iv

Statutes and Rules

17 U.S.C. § 101 *et seq.* ...................................................................................................6

17 U.S.C. § 102 ...................................................................................................11, 12

17 U.S.C. § 1201 *et seq.* .............................................................................................7, 15

17 U.S.C. § 1201(a) ................................................................................................. 15

17 U.S.C. § 1201(a)(3) ............................................................................................16

18 U.S.C. § 1836 *et seq.* ..............................................................................................7, 17

18 U.S.C. § 1836(b)(1) ............................................................................................18

18 U.S.C. § 1839 .................................................................................................17

18 U.S.C. § 1839(3)(A)-(B) ....................................................................................17

18 U.S.C. § 1839(6)(B) ..........................................................................................17

Fed. R. Civ. P. 8 ............................................................................................... *passim*

Fed. R. Civ. P. 12 .................................................................................................1, 7

Defendant Metropolis Group, Inc. ("Metropolis") respectfully submits this Memorandum in support of its Motion to Dismiss Plaintiff Marshal Rosenberg's Complaint, ECF Dkt. No. 4 ("Complaint") in its entirety, with prejudice.

## I.  PRELIMINARY STATEMENT

The facts as pleaded in Plaintiff's Complaint do not state claims upon which relief can be granted.  Plaintiff's Complaint is glued together with conjecture, and propped up with bare legal conclusions masquerading as facts.  The Complaint fails to present sufficient allegations to state claims against Metropolis under copyright or trade secret laws.  Plaintiff failed to comply with the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating the proper pleading standard under Federal Rule of Civil Procedure 8), the "*Iqbal/Twombly* standard."  Given such failure, the Complaint should be dismissed in its entirety with prejudice under Federal Rule of Civil Procedure 12(b)(6).

In August 2017, Plaintiff was disappointed to learn that a company he had milked for years no longer desired his services and had hired a different company to develop new software on an up-to-date platform.  Metropolis wanted to retire Plaintiff's outdated software built on an obsolete platform called Visual FoxPro.

Plaintiff fixated on the idea that no other company in the world could possibly create software to support Metropolis's business as well as he could.  Holding onto that belief, Plaintiff jumped to the conclusion that Metropolis's new software must be an unlawful copy of his software.  Based on that leap of logic, Plaintiff began accusing Metropolis of infringement and continued to do so even when presented with evidence of significant differences between the programs.

In demand letters to Metropolis, Plaintiff repeatedly asserted that his source code for the Metropolis software was password protected and, except by Plaintiff himself, could not be accessed without use of a "hacking" software. To support his unfounded assumption that his source code had been copied unlawfully, Plaintiff proposed that Metropolis must have "hacked" into the software. With no evidence of such "hacking" – other than his belief that the "hacking" software is available online – Plaintiff demanded that Metropolis prove that it did not "hack."

Hounded for months, Metropolis devoted thousands of dollars and valuable hours to Plaintiff's demand to prove a negative. But no matter what evidence Metropolis gave Plaintiff (or Plaintiff's counsel in the case of sensitive, confidential, and proprietary information), Plaintiff refused to accept that another company could write code and independently create software "that provides the utility, performance and efficiency required by Metropolis." Compl. ¶ 34. Metropolis gave Plaintiff examples of communications between Metropolis and its new software developer that underscore how implausible the allegations of "hacking" and copying are. Metropolis asked the vendor to do elementary things, like make it possible for Metropolis to search its database using a person's name. That is a rudimentary search. Metropolis asked the vendor to fix the new software so that a date appeared visually on one line instead of wrapping to the next line. That is a basic display issue. Metropolis had to pay for its new software. Why would Metropolis need to pay for new software – pay for the most basic things like name-searching and displaying a date correctly – if Metropolis had just "hacked" and copied Plaintiff's software? Metropolis gave Plaintiff's counsel screenshots to show that the new software was not Plaintiff's old software. Metropolis spent time and money on gathering this information and responding to Plaintiff's demand letters.

No dice. Plaintiff rejected that evidence and filed this lawsuit on June 1, 2018 even though his accusations are based on speculation.  In sum, Plaintiff is angry that Metropolis no longer wanted to use his outdated services, and he seeks to extort payment from Metropolis through a frivolous lawsuit.

## II. STATEMENT OF FACTS

Even when the Court takes all facts (as opposed to unsupported conclusions or speculation) alleged in the Complaint to be true, Plaintiff has still failed to allege cognizable claims against Metropolis.  The following facts alleged in the Complaint are accepted by Metropolis as true solely for the purposes of this Motion to Dismiss.  Metropolis does not accept as true various legal conclusions or otherwise conclusory statements in the Complaint.

### A. Plaintiff.

Metropolis and Plaintiff had a business relationship for fourteen (14) years prior to Plaintiff's filing of this lawsuit.  Compl. ¶¶ 13, 17.  Plaintiff is a software designer and programmer in New York City.  Compl. ¶¶ 1, 10.  Plaintiff has years of experience as a software developer for the New York City construction industry.  Compl. ¶ 11.  Plaintiff used and continues to use the programming language Visual FoxPro.  Compl. ¶ 25.  Microsoft stopped providing mainstream support for Visual FoxPro on January 12, 2010, and stopped all support of Visual FoxPro on January 13, 2015.  *See* ECF Dkt. No. 4-4 (Exhibit D to the Complaint).[1]

---

[1] Exhibits C, D, E, and F to Plaintiff's Complaint do not include the enclosures attached to the letters.  For the sake of completeness, a copy of the December 13, 2017 letter (that is Exhibit D to Plaintiff's Complaint) along with a copy of its original attachment are annexed as Exhibit A to the accompanying Affidavit of Kristin Garris, sworn to August 27, 2018 ("Garris Aff.").  In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference."  *Zdenek Marek v. Old Navy (Apparel) Inc.,* 348 F. Supp. 2d 275, 279 (S.D.N.Y. 2004) (citing *Yak v. Bank Brussels Lambert,* 252 F.3d 127, 130 (2d Cir. 2001).

Customers were "highly encouraged to move a supported product as soon as possible" away from software products using the end-of-life Visual FoxPro.  *See* ECF Dkt. No. 4-4.

**B.  Metropolis.**

Metropolis is a New York City company that offers expediting services and related services for the New York City construction industry.  Compl. ¶¶ 2, 13.  Metropolis hired Plaintiff around 2003 to create a software program specifically for Metropolis.  Compl. ¶ 13.  Plaintiff worked on the software created for Metropolis for approximately 14 years and made hundreds of changes to it during that time.  Compl. ¶¶ 14, 17; ECF Dkt. No. 4-3, p. 3.  Plaintiff installed the software on Metropolis's system and allowed Metropolis to use it under a license.  *See* ECF Dkt. No. 4-3 (Exhibit C of the Complaint).  Compl. ¶¶ 13, 17.

**C.  The Software.**

As of 2002, Plaintiff had developed a "software framework" to be used by New York City construction expediters.  Compl. ¶ 12.  Plaintiff's 2002 work, which he titled "KM Associates – KM.exe" (ECF Dkt. No. 6) is the subject of U.S. Copyright Registration No. TX0008510881 (the "'881 Registration").  Compl. ¶ 20.

Plaintiff altered his software in 2003 and licensed to Metropolis a version that he titled "Metropolis – Metro.exe."  Compl. ¶ 13.  This 2003 version is "the very first version" that Plaintiff installed on Metropolis's system, and is the subject of U.S. Copyright Registration No. TX0008486566 (the "'566 Registration").  Compl. ¶ 21.

Paragraph 29 of Plaintiff's Complaint is the sole paragraph concerning a vague incident that purportedly took place in 2005.  Compl. ¶ 29.  Plaintiff alleges that he had a clandestine conversation in 2005 with an unnamed informant.  Compl. ¶ 29.  The unnamed informant purportedly told Plaintiff that an unnamed person who "had joined Metropolis" "expressed an

4

interest in replacing the Application." Compl. ¶ 29.  No other allegations in the Complaint reference this purported conversation with an unnamed person about another unnamed person's unrecorded comments. Compl. ¶ 29.  Plaintiff continued to have a business relationship with Metropolis for 12 more years. Compl. ¶ 17.  Plaintiff did not begin his accusations of infringement against Metropolis until 12 years after this purported conversation with an unnamed informant.  *See* ECF Dkt. Nos. 4-1 – 4-6 (Exhibits A – F of the Complaint).

Between 2003 and 2017, Plaintiff updated the "Metropolis – Metro.exe" software hundreds of times, and Metropolis relied on the software.  *See* ECF Dkt. No. 4-3, p. 3.  Plaintiff gave Metropolis a license for every version Plaintiff installed on Metropolis's system.  Compl. ¶ 22.

On June 16, 2017, Plaintiff first published a version of the "Metropolis – Metro.exe" software for which Plaintiff secured U.S. Copyright Registration No. TX0008396998 (the "'998 Registration").  Compl. ¶ 22; ECF Dkt. No. 4-2, p. 8.  Plaintiff licensed to Metropolis the work covered by the '998 Registration and installed it on Metropolis's system.  Compl. ¶ 22.  Such license and installation must have taken place between June 16, 2017 and August 2017, as Plaintiff's business relationship with Metropolis ended as of August 2017.  Compl. ¶ 17.  According to Plaintiff's email correspondence with Metropolis, the only new or revised material given to Metropolis during this time period (June 16, 2017 - August 2017) was simply a "bug fix at no charge" that Plaintiff installed on Metropolis's system on June 16, 2017, without prior notice to Metropolis and without Metropolis's authorization.  *See* ECF Dkt. No. 4-4, p. 3 (Exhibit D to the Complaint), including copies of two emails from Plaintiff to Metropolis on June 16, 2017, and an email from Metropolis to Plaintiff that included the question "Who asked for this update?"  The last invoice that Plaintiff sent to Metropolis was dated April 5, 2017. *See*

ECF Dkt. No. 4-3, p. 3 (Exhibit C to the Complaint).  On August 14, 2017, in anticipation of filing this lawsuit, Plaintiff filed a copyright application for this "bug fix at no charge" version of software installed on Metropolis's system on June 16, 2017.

Plaintiff has repeatedly asserted that his "password protection prevented third parties, including Metropolis or its third-party developer, from accessing the program's source code and remarks."  *See id.*, pp. 3-4.  Metropolis acknowledged that its vendor confirmed the inaccessibility of source code.  *See* ECF Dkt. No. 4-4, p. 4 (Exhibit D to the Complaint).  In order to show that Plaintiff's software was not "copied" – and show that Metropolis's new software was created from the bottom up and was not a "reproduction" of Plaintiff's source code – Metropolis presented Plaintiff with relevant portions of emails between Metropolis and its vendor.  *Id.  See Garris Aff., Ex. A* for images of those communications.  Those examples of communications during the software development process were provided to Plaintiff to demonstrate that even the most basic things in the new program – like having the applicant name appear, being able to search using a person's name, having a date appear visually on one line instead of wrapping to another line – had to be created and corrected.  *Id.*, pp. 4-5; ECF Dkt. No. 4-6, p. 3.  Metropolis had to provide its vendor with instructions as to how the new software should work.  *Id.*

### D.  Plaintiff's Claims.

Metropolis is the only defendant identified by name, but Plaintiff also included in his Complaint placeholders for <u>thirty</u> (30) other, unnamed defendants ("John Does 1-10, Jane Does 1-10, and XYZ Companies 1-10").  Compl. ¶¶ 3-5.

Plaintiff's four claims consist of: (1) copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* ("Copyright Act"); (2) violation of the Digital Millennium Copyright Act,

17 U.S.C. § 1201 *et seq.* ("DMCA"); (3) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA"); and (4) trade secret misappropriation under New York State common law. Compl. ¶ 6.

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief **above the speculative level**.'"  *Securities and Exchange Commission v. Thompson*, 238 F. Supp. 3d 575, 587 (S.D.N.Y. 2017) (emphasis added) (*quoting ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Twombly*, 550 U.S. at 555)).  A complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (*quoting Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (*quoting Twombly*, 550 U.S. at 570))).  "A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the **reasonable** inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556) (emphases added).

The Second Circuit has explained the *Iqbal/Twombly* standard of review for a motion to dismiss as follows:

> In *Ashcroft v. Iqbal,* the Supreme Court set forth a "two-pronged approach" to evaluate the sufficiency of a complaint…."First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." …. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." ... "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." … Plausibility thus depends on a host of considerations: the full factual picture presented by the complaint, the particular

cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable.

*L–7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 430 (2d Cir. 2011) (internal citations omitted).

While a court must accept all allegations in the complaint as true, and draw all inferences in the non-moving party's favor, this applies only to factual allegations that are well-pleaded, not "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555); *see also LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). A court gives "no effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (*citing Twombly*, 550 U.S. at 555). Such conclusory statements "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Likewise, the requirement to draw all inferences in plaintiff's favor is "inapplicable to legal conclusions." *Id.* at 678. *See also Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012); *Haviland v. J. Aron & Co.*, 796 F. Supp. 95, 101 (S.D.N.Y. 1992); *Jacobs v. Carnival Corp.*, No. 06 Civ. 0606 (DAB), 2009 WL 856637, at *3 (S.D.N.Y. March 25, 2009) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not withstand dismissal").

Importantly, "if a court can infer no more than the **mere possibility of misconduct** from the factual averments—in other words, if the well-pled allegations of the complaint have not 'nudged [plaintiff's] claims across the line from conceivable to plausible'—dismissal is appropriate." *Thompson*, 238 F. Supp. 3d at 587-88 (*quoting Twombly*, 550 U.S. at 570) (emphasis added). Although pleadings are to be liberally construed, claims will "fail[] even under the liberal standard of Rule 12(b)(6)" when a complaint "consists of conclusory allegations unsupported by factual assertions." *Dow Jones & Co., Inc. v. Int'l Securities*

*Exchange, Inc.*, 451 F.3d 295, 307 (2d Cir. 2006); *See also Smartix Int'l Corp. v. Mastercard Int'l LLC*, No. 06 CV 5174 (GBD), 2008 WL 4444554, *2 (S.D.N.Y. Sept. 30, 2008).

Pleadings are also liberally construed under Federal Rule of Civil Procedure 8. However, while a plaintiff is not required to plead detailed facts, a complaint must contain allegations "showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under *Iqbal/Twombly*, a plaintiff must make a "showing," rather than a blanket assertion, of entitlement to relief. *Twombly*, 550 U.S. at 555 n.3 (citations omitted).

As explained in the *L-7 Designs, Inc. v. Old Navy LLC* decision, the plausibility of a claim depends on various considerations, including the particular cause of action and elements. *See L–7 Designs, Inc.*, 647 F.3d at 430. This applies to copyright infringement cases. To satisfy Rule 8 and provide copyright infringement defendants with fair notice of the claims against them, this Court has explained that the complaint cannot rest on "bare-bones allegations that infringement occurred." *Sharp v. Patterson*, No. 03 Civ. 8772 (GEL), 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004) (citations omitted). Rather, "Rule 8 requires that the particular infringing acts be set out with some specificity." *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994). *See also Jacobs*, 2009 WL 856637 at *4.

In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider (i) documents attached to the complaint as exhibits; (ii) documents incorporated into the complaint by reference; (iii) documents relied on in framing the complaint; (iv) matters of which judicial notice may be taken; (v) publicly available documents (*see Menowitz v. Brown*, 991 F.2d 36, 39 (2d Cir. 1993)); and (vi) items appearing in the record of the case. *See, e.g., DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)*; Yak*, 252 F.3d at 131; *Thompson*, 238 F. Supp. 3d at 587-88. This Court has specified that a "plaintiff must have 'actual notice' of the materials

to be considered by a court in its evaluation of the legal sufficiency of the complaint. [citation omitted]  Therefore, a court may only consider material extrinsic to the complaint in evaluating a motion to dismiss when the extrinsic material is 'either in [the] plaintiff['s] possession' or is material 'of which [the] plaintiff[ ] had knowledge and relied on in bringing suit.'"  *Davis v. McCready*, 283 F. Supp. 3d 108, 117-18 (S.D.N.Y. 2017) (*quoting Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002) (*quoting Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993))).  However, "if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint."  *Sazerac Co. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994) (citing *Feick v. Fleener*, 653 F.2d 69, 75 & n. 4 (2d Cir. 1981); *United States ex rel. Sommer v. Dixon*, 524 F. Supp. 83, 85 (N.D.N.Y. 1981), *aff'd per curiam*, 709 F.2d 173 (2d Cir.), *cert. denied*, 464 U.S. 857 (1983)); *see also Honess 52 Corp. v. Town of Fishkill*, 1 F. Supp. 2d 294 (S.D.N.Y. 1998).

### IV. ARGUMENT

Plaintiff's Complaint fails to plead sufficient factual allegations to support any of Plaintiff's four claims.  Under the *Iqbal/Twombly* standard, each claim must be dismissed.

**A. Claim 1 (Copyright Infringement) Fails Under Rule 12(b)(6).**

**1. The Complaint Fails to Allege Sufficient Facts to Support a Claim of Copyright Infringement.**

To plead copyright infringement sufficiently, this Court requires that a plaintiff allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright."  *Kelly*, 145 F.R.D. at 36.  Plaintiff's Complaint fails to plead sufficient facts to meet the four-part *Kelly* test. Plaintiff's "factual" allegations include bare legal conclusions such as the following:

- "Upon information and belief …Metropolis, through the Third-Party Developer or on its own, circumvented the Branding that Rosenberg applied to the Application." (Compl. ¶ 37);

- "Upon information and belief, through the Third-Party Developer or on its own, Metropolis reproduced and/or modified protectable elements of the Application, including without limitation: its source code; the integration, presentation, and organization of data; data dictionary; inter-modular relationships; screens; reports; report generating processes; routines; and processes for integrating with New York City agency systems." (*Id.* ¶ 35);

- "Upon information and belief, through the Third-Party Developer or on its own, Metropolis also made alterations and additions to the Application" (*Id.* ¶ 36).

The Complaint includes these conclusory allegations, but not the particularized allegations of misconduct necessary to survive a Rule 12(b)(6) challenge.  Multiple parts of the four-part Kelly test are not satisfied, particularly "which specific <u>original</u> works are the subject of the copyright claim" and "by <u>what acts</u> during <u>what time</u> the defendant <u>infringed</u> the copyright."  Instead of pleading factual allegations, Plaintiff merely speculates, with no supporting facts, that Metropolis's software developer circumvented Plaintiff's "branding," looked at information Plaintiff had walled-off from access, and copied that material.

## 2. Plaintiff fails to identify any original elements.

Copyright protection extends to "original works of authorship fixed in any tangible medium of expression," including literary works and computer programs.  17 U.S.C. § 102.  The "sine qua non" of all copyright protection is originality.  *N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 113 (2d Cir. 2007).

Mere allegations that material has been copied are insufficient to state a claim because not all copying or similarities amount to copyright infringement.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  The unlawful copying must be of original and copyrightable elements.  Plaintiff does not allege that any "Metropolis – Metro.exe" derivatives

11

purportedly subsumed in his '998 Registration are minimally creative in any way that would render them protectable under the Copyright Act.  Plaintiff states a legal conclusion that the 2002 software "KM Associates – KM.exe" is an "original work of authorship, copyrightable under 17 U.S.C. § 102" (Compl. ¶ 46), but does not, with sufficient "showing," allege which parts of the "more than 66,000 lines of code, more than 80 screens or forms, more than 40 reports" and "more than 300 related components" (Compl. ¶¶ 14, 44) in one or more derivatives are the original, sufficiently creative copyrightable expressions that allegedly were copied unlawfully. Plaintiff also does not narrow his sweeping copyright infringement claim by pointing out any parts of the "more than 66,000 lines of code" and "more than 300 related components" that are not part of his claim.  *Id.*

### 3.   Plaintiff fails to allege "what acts."

To establish a copyright infringement claim, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's [work]."  *Hamil America, Inc. v. GFI et al.*, 193 F.3d 92, 99 (2d Cir. 1999) (internal citation and quotation marks omitted).

Assuming for the purposes of this motion that Plaintiff has a valid copyright, Plaintiff still does not plead sufficient facts to show unlawful copying.  Plaintiff's central "facts" purportedly supporting an allegation of copying are that (a) Plaintiff used "Branding" to prevent a third party from reproducing his source code through decompilation using a program called "ReFox;" and (b) his Branding could be circumvented using a "cracked version" of ReFox that is supposedly available on the Internet.  Compl. ¶¶ 24-26.  The "fact" that his purported protection <u>can</u> be circumvented by something available <u>online</u> is insufficient.  The "fact" that

circumvention is possible cannot suffice as the basis for an allegation.  Plaintiff pleads no factual allegations showing that Metropolis used or commanded such circumvention, or even that its developer possessed the "cracked version" of ReFox necessary to circumvent.  Plaintiff certainly cannot rely on a purported conversation in 2005 with an unnamed informant as a "factual" allegation supporting infringement.  Such comments cannot serve as **factual content** that would allow the court to draw **reasonable** inferences that misconduct occurred or that Metropolis is liable for the misconduct 12 years later, particularly when Plaintiff admits that his business relationship with Metropolis continued from 2005 to 2017.  *See Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556) (emphases added).  Plaintiff also pleads no factual allegations showing that substantial similarity exists between Metropolis's current software and any protectable elements of Plaintiff's software.

This Court's decision *Gym Door Repairs, Inc. et al. v. Young Equipment Sales, Inc. et al.*, No. 15 Civ. 4244 (JGK), Document 214 (S.D.N.Y. Sept. 9, 2016), helps illustrate why Plaintiff's Complaint fails to meet the *Iqbal/Twombly* standard.  In *Gym Door Repairs,* the Court referenced the plaintiff's insufficient copyright allegations:

- "[Total Gym] **made unauthorized copies** of the Manufacturer Materials and used them to submit falsified bids …."
- "**without the permission or consent of Plaintiffs, have made reproductions** of all or significant portions of the Manufacturer Materials, emails and letters and used them to perform and document the performance of maintenance services …."

*Id.* (emphases added).  Such allegations did <u>not</u> meet the *Iqbal/Twombly* standard:

These allegations are insufficient to state a claim.  The Rule 8 pleading standard does not require "'detailed factual allegations,' but **it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation**. …The SAC's bare allegations, devoid of allegations of specific conduct, are merely conclusory, and "[c]onclusory allegations are insufficient to survive a motion to dismiss." *Banco Indus. de Venezuela, C.A. v. CDW Direct*, LLC, 888 F. Supp. 2d 508, 514-15 (S.D.N.Y. 2012) (*citing Iqbal*, 556 U.S. at 676); *see also MLSMK Inv. Co. v.*

13

*JP Morgan Chase & Co*., 737 F. Supp. 2d 137, 144 (S.D.N.Y. 2010)
("Allegations may be made on information and belief when the facts are
peculiarly within the knowledge of the defendants, but it is **axiomatic that the
complaint must allege facts demonstrating the basis for the information and
belief**."  (citation and internal quotation marks omitted)), *aff'd in part*, 431 F.
App'x 17 (2d Cir. 2011), and *aff'd*, 651 F.3d 268 (2d Cir. 2011).

*Id* (emphases added).

Plaintiff's Complaint makes similar unadorned accusations that parallel the above-

referenced *Gym Door Repairs* insufficient allegations:

- "…Metropolis … circumvented the Branding …." (Compl. ¶ 37);

- "…Metropolis reproduced and/or modified protectable elements…." (*Id.* ¶ 35);

- "…Metropolis also made alterations and additions to the Application" (*Id.* ¶ 36).

*See also Technomarine SA v. Jacob Time, Inc*., No. 12 Civ. 0790 (KBF), 2012 WL 2497276, at

*6 (S.D.N.Y. June 22, 2012) (finding insufficient the "the bare assertion that [defendant] has

been 'selling piratical copies' of the watches without offering any factual support for that claim":

"Without reciting facts from which a reasonable and plausible inference can be drawn that the

watches are either counterfeit or were acquired in such a way as to make their resale unlawful,

[plaintiff] 'has alleged – but it has not shown – that [it] is entitled to relief.'" (*quoting Iqbal*, 556

U.S. at 679)).

In sum, Plaintiff's copyright infringement claim fails to meet the *Iqbal/Twombly*

standard, as Plaintiff offers only "'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action'" and "'naked assertion[s]' devoid of 'further factual

enhancement'" that do not meet the Rule 8 pleading standard and cannot survive a Rule 12(b)(6)

motion.  *See Iqbal*, 566 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555, 557).  Plaintiff's

conclusory statements "are not entitled to the assumption of truth" and drawing all inferences in

Plaintiff's favor is "inapplicable to legal conclusions."  *Id.* at 678, 679. *See also Anderson News,*

*LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("Rule 8(a) 'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'. . . To present a plausible claim, the 'pleading must contain something more … than … a statement of facts that merely creates a *suspicion* [of] a legally cognizable right of action.'" (*quoting Twombly*, 550 U.S. at 555) (emphasis in original)).[2]  Not only does Plaintiff fail to allege facts sufficient to support his copyright infringement claim, he admits that Metropolis had a license and lawful right to use the Application. Compl. ¶¶ 13, 15.

For the foregoing reasons, Plaintiff's copyright infringement claim fails to meet the *Iqbal/Twombly* standard and must be dismissed.

**B.  Claim 2 (DMCA Violation) Fails Under Rule 12(b)(6).**

An action under the DMCA requires "circumvent[ion of] a technological measure that effectively controls access to a work protected under this title."  17 U.S.C. § 1201(a).  A "technological measure that effectively controls access" is defined as one that "in the ordinary course of its operation ... requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work."  *Id.* at § 1201(a)(3).

---

[2] Nor can Plaintiff reasonably transform statements such as the following from his counsel into "evidence" of infringement: "You provide no supportive evidence and have refused our information requests related to the development of the Replacement Program."  *See* ECF Dkt. No. 4-5, p. 3.  Metropolis had no obligation to provide another vendor's information to Plaintiff and declining to do so was entirely consistent with its business interests.  Having spent significant sums to commission a new software program on an up-to-date platform, it was not in Metropolis's interest to hand over to Plaintiff basically the equivalent of "blue prints" that Plaintiff could use to copy Metropolis's new software and  possibly sell it to competitors.  *Cf. Twombly*, 550 U.S. at 554-560 (parallel conduct by defendants could not support an inference that defendants had formed an agreement in violation of the Sherman Act, where the conduct was equally consistent with action in each defendant's own business interests.)

For this second cause of action, Plaintiff's Complaint also fails to meet the *Iqbal/Twombly* standard. Plaintiff simply uses wording adopted from the statute in a conclusory statement with no factual support: "…Metropolis, through the Third-Party Developer or on its own, circumvented the Branding that Rosenberg applied to the Application." Compl. ¶ 37. Plaintiff's central "fact" purportedly supporting the circumvention accusation is that his Branding could be circumvented using a "cracked version" of ReFox supposedly available online. Compl. ¶¶ 24-26. The "fact" that his purported protection <u>can</u> be circumvented by something available <u>online</u> is insufficient. The "fact" that something is <u>possible</u> is insufficient under the *Iqbal/Twombly* standard. Plaintiff has not alleged sufficient facts to make it plausible, rather than merely possible, that Metropolis's developer did, in fact, circumvent Plaintiff's Branding. Plaintiff is merely so speculating.

Plaintiff has failed to allege facts sufficient to support a plausible claim that Metropolis accessed its own software unlawfully by circumventing a technological measure that controls access to the software. Plaintiff admits that Metropolis had a lawful right and license to use and access the software. Compl. ¶¶ 13, 15. Accordingly, Plaintiff's second cause of action must be dismissed.

## C. Claim 3 (Trade Secret Misappropriation under DTSA) Fails Under Rule 12(b)(6).

Plaintiff's Complaint does not state a plausible and sufficient claim for trade secret appropriation under federal law, the Defense of Trade Secrets Act of 2016 ("DTSA").

First, unlike the common law cause of action addressed in Section D below, the federal DTSA includes an additional requirement that the trade secret must be "related to a product or service **used in, or intended for use in, interstate or foreign commerce**." 18 U.S.C. § 1836(b)(1) (emphasis added). Plaintiff admits that his software work for 23 years concerns "the

New York City construction industry," and that his software developed in 2002 was and was intended "to be used by companies in the area of construction expediting in New York City." Compl. ¶¶ 11-12.  Plaintiff not only fails to plead use in interstate or foreign commerce, but allegations in Plaintiff's Complaint preclude any assertion that software created for Metropolis was used or intended for use in "interstate commerce."  Use by Metropolis only in New York City is intrastate.

Second, Plaintiff alleges no facts showing that Metropolis acquired any trade secret by "improper means," or disclosed or used any trade secret acquired by "improper means."  Under the DTSA, a plaintiff must show "an unconsented disclosure or use of a trade secret by one who (i) **used improper means** to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired **through improper means**, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty."  *In re Document Technologies Litigation*, 275 F. Supp. 3d 454, 462 (S.D.N.Y. 2017) (emphases added) (*quoting Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15 Civ. 0211 (LGS), 2016 WL 5338550, at *6 (S.D.N.Y. Sept. 23, 2016) (*quoting* 18 U.S.C. § 1839(3) (A)-(B))).  Then, in Section 1839(6)(B) of the DTSA, the definition of "improper means" expressly excludes "reverse engineering, independent derivation, **or any other lawful means of acquisition**." 18 U.S.C. § 1839(6)(B) (emphasis added).  Given that Metropolis had a license to use the software, a license granted by Plaintiff himself for each version he installed on Metropolis's system, there can be no "improper means." Plaintiff's conclusory statements about "circumvent[ing] the Branding" (Compl. ¶ 37) – allegations springing solely from Plaintiff's incredible logic that (a) because a circumvention tool "can be

17

obtained online" (Compl. ¶¶ 25-26), then (b) Metropolis must have used it – does not even come close to a sufficient pleading of "improper means" used by any party, particularly a licensee.

Third, any information that could conceivably constitute a trade secret would have to have been protected by Plaintiff's "Branding" wall, his stated method of security.  If not behind the Branding wall, it would not be secret from Metropolis since Metropolis had a license to access the software.  Because, as explained above, Plaintiff has pleaded no facts making it plausible that Metropolis breached Plaintiff's Branding, Plaintiff's DTSA claim must fail.

Accordingly, Plaintiff's third cause of action must be dismissed.

## D.   Claim 4 (Trade Secret Misappropriation Under New York Common Law) Fails Under Rule 12(b)(6).

"To succeed on a claim for the misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means."  *Medtech Products Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 787 (S.D.N.Y. 2008) (*quoting N. Atl. Instruments, Inc. v. Haber,* 188 F.3d 38, 43–44 (2d Cir. 1999)); *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) (same).  Again, Plaintiff has failed to plead properly all of the requisite elements of its claim against Metropolis.

Even if we assume Plaintiff has a valid trade secret and satisfies the first element, Plaintiff does not plead sufficient allegations to satisfy the second element of misappropriation of trade secrets under New York law.  Plaintiff fails to plead any factual allegations showing that Metropolis breached an agreement, confidential relationship, or duty.  Plaintiff does, however, state repeatedly that Metropolis had a license to use the software.  Compl. ¶¶ 13, 15.  Plaintiff's conclusory statement that "Upon information and belief …Metropolis, through the Third-Party Developer or on its own, circumvented the Branding that Rosenberg applied to the Application"

(Compl. ¶ 37) – and allegations grounded solely on Plaintiff's faulty leaps in logic as described in Section C above – do not even come close to a sufficient pleading of the breach of any agreement, confidential relationship, or duty.  Additionally, a "claim for misappropriation requires bad faith."  *Id.* (*quoting Ferring B.V. v. Allergan, Inc*., 4 F. Supp. 3d 612, 628 (S.D.N.Y. 2014)).  Plaintiff acknowledges that Metropolis had a license to use the software and pleads no facts from which the Court could infer reasonably that Metropolis acted in bad faith.

Moreover, "New York and Second Circuit law establish that compilation trade secrets are protectable but ... the law requires the trade secret claimant to *describe the secret with sufficient specificity* that its protectability can be assessed and to show that its compilation is unique." *Next Commc'ns, Inc. v. Viber Media, Inc*., No. 14 Civ. 8190 (RJS), 2016 WL 1275659, at *3 (S.D.N.Y. Mar. 30, 2016) (*quoting Sit-Up Ltd. v. IAC/ InterActiveCorp*., No. 05 Civ. 9292 (DLC), 2008 WL 463884, at *10 (S.D.N.Y. Feb. 20, 2008) (emphasis added in *Next Commc'ns, Inc.*).  Plaintiff fails to plead any factual allegations that would fulfill the requirement for sufficient specificity.  Plaintiff alleges that he "regards and has treated **aspects** of the Application, **including the source code, as a trade secret**," and that he "has taken a number of steps to register and protect his ownership of and interests in the Application and its **underlying source code, which is a trade secret**."  Compl. ¶¶ 23, 18 (emphases added).  Saying only that the trade secret is the "source code" is inadequate.  Plaintiff repeatedly alleged that his software has "more than 66,000 lines of code, more than 80 screens or forms, more than 40 reports" and "more than 300 related components" (Compl. ¶¶ 14, 44), but the Complaint lacks even general details about what parts could be trade secrets under New York law, and what those parts do.

Accordingly, Plaintiff's fourth cause of action must be dismissed.

## I.    CONCLUSION

For the foregoing reasons, Metropolis respectfully requests that the Court grant its motion and dismiss the Complaint in its entirety, as against Metropolis, with prejudice.

Dated:  New York, New York
         August 27, 2018

                                        Respectfully submitted,


                                        TANNENBAUM HELPERN SYRACUSE
                                         & HIRSCHTRITT LLP

                                        By:  /s/ L. Donald Prutzman
                                        L. Donald Prutzman
                                        Paul D. Sarkozi
                                        Kristin G. Garris
                                        900 Third Avenue
                                        New York, New York 10022
                                        212-508-6700
                                        prutzman@thsh.com
                                        sarkozi@thsh.com
                                        garris@thsh.com
                                        *Attorneys for Defendant Metropolis Group, Inc.*