UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| MARSHAL ROSENBERG | : | 18-Civ-4830 (AKH) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| - against - | : | **ANSWER OF** |
|  | : | **METROPOLIS GROUP, INC.** |
| METROPOLIS GROUP, INC., JOHN DOES 1-10, JANE DOES 1-10, AND XYZ COMPANIES 1-10, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

---------------------------------------------------------------- x

Defendant Metropolis Group, Inc. ("Metropolis"), by its attorneys Tannenbaum Helpern Syracuse & Hirschtritt LLP, for its Answer to the Complaint herein on behalf of itself:

1.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2.      Admits the allegations of Paragraph 2 of the Complaint.

3.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6.     States that Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required.  To the extent facts are alleged they are denied.

7.     States that Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required.  To the extent facts are alleged they are denied.

8.     Denies the allegations of Paragraph 8 of the Complaint, except that Metropolis transacts business within New York and regularly does or solicits business in New York.

9.     States that Paragraph 9 of the Complaint sets forth legal conclusions to which no response is required.  To the extent facts are alleged they are denied, except that Metropolis regularly conducts business in this District.

## FACTUAL ALLEGATIONS

10.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, except that Metropolis "is in the New York City construction industry and offers permit expediting services along with other, related services" and that Metropolis acquired certain software, or rights in certain software, from Plaintiff.

14.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

2

15.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, except that, at a minimum, it had a license to the Application.

16.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17.     Denies the allegations of Paragraph 17 of the Complaint, except that Rosenberg and Metropolis did certain business until sometime in 2017 and that Rosenberg would from time to time purport to update or fix the Application.

18.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint concerning the content of communications in 2005 between Rosenberg and an unnamed informant, except denies that Metropolis sought to decompile the Application.

30.     Denies the allegations of Paragraph 30 of the Complaint.

31.     Denies the allegations of Paragraph 31 of the Complaint, except that in 2017 a Metropolis representative emailed Rosenberg concerning a purported update to the application, and respectfully refers the Court to said email for the contents thereof.

32.     Denies the allegations of Paragraph 32 of the Complaint, except that sometime in 2017 Rosenberg was advised that Metropolis would no longer be using Rosenberg's services.

33.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint

35.     Denies the allegations of Paragraph 35 of the Complaint.

36.     Denies the allegations of paragraph 36 of the Complaint.

37.     Denies the allegations in paragraph 37 of the Complaint.

38.     Denies the allegations in paragraph 38 of the Complaint, except that Metropolis received Exhibit A to the Complaint and respectfully refers the Court to Exhibit A for the contents thereof.

39.     Denies the allegations of paragraph 39 of the Complaint, except that Metropolis' counsel sent Exhibit B to the Complaint to Rosenberg's counsel and respectfully refers the Court to Exhibit B for the contents thereof.

40.     Denies the allegations of paragraph 40 of the Complaint, except that Metropolis' counsel received Exhibit C to the Complaint from Rosenberg's counsel, together with the enclosures thereto, and respectfully refers the Court to Exhibit C for the contents thereof.

41.     Denies the allegations of paragraph 41 of the Complaint, except that Metropolis' counsel sent Exhibit D to the Complaint to Rosenberg's counsel, together with its enclosures, and respectfully refers the Court to Exhibit D for the contents thereof.

42.     Denies the allegations of paragraph 42 of the Complaint, except that Metropolis' counsel received Exhibit E to the Complaint from Rosenberg's counsel, together with the enclosures thereto, and that Metropolis' counsel sent Exhibit F, together with its enclosures, to Rosenberg's counsel, and respectfully refers the Court to Exhibits E and F of the Complaint for the contents thereof.

43.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint.

44.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint.

## FIRST CAUSE OF ACTION

45.     As to Paragraph 45 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 44 of the Complaint.

46.     Denies the allegations of Paragraph 46 of the Complaint.

47.     Denies the allegations of Paragraph 47 of the Complaint.

48.     Denies the allegations of Paragraph 48 of the Complaint.

49.     Denies the allegations of Paragraph 49 of the Complaint.

50.     Denies the allegations of Paragraph 50 of the Complaint.

51.     Denies the allegations of Paragraph 51 of the Complaint.

52.     Denies the allegations of Paragraph 52 of the Complaint.

53.     Denies the allegations of Paragraph 53 of the Complaint.

## SECOND CAUSE OF ACTION

54.     As to Paragraph 54 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 53 of the Complaint.

55.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56.     Denies the allegations of Paragraph 56 of the Complaint.

57.     Denies the allegations of Paragraph 57 of the Complaint.

58.     Denies the allegations of Paragraph 58 of the Complaint.

## THIRD CAUSE OF ACTION

59.     As to Paragraph 59 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 58 of the Complaint.

60.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint.

61.     Denies the allegations of Paragraph 61 of the Complaint.

62.     Denies the allegations of Paragraph 62 of the Complaint.

63.     Denies the allegations of Paragraph 63 of the Complaint.

64.     Denies the allegations of Paragraph 64 of the Complaint.

65.     Denies the allegations of Paragraph 65 of the Complaint.

66.     Denies the allegations of Paragraph 66 of the Complaint.

## FOURTH CAUSE OF ACTION

67.     As to Paragraph 67 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 66 of the Complaint.

68.     Denies the allegations of Paragraph 68 of the Complaint.

69.     Denies the allegations of Paragraph 69 of the Complaint.

70.     Denies the allegations of Paragraph 70 of the Complaint.

71.     Denies the allegations of Paragraph 71 of the Complaint.

72.     Denies the allegations of Paragraph 72 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

73.     The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

74.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

75.     Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, waiver, estoppel, or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are preempted, in whole or in part, by the Copyright Act or other provisions of law.

## FIFTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred, in whole or in part, by the license granted to Metropolis.

## SIXTH AFFIRMATIVE DEFENSE

78.     Plaintiff's claims are barred, in whole or in part, by an implied license granted to Metropolis.

## SEVENTH AFFIRMATIVE DEFENSE

79.     Metropolis' or others' alleged actions were protected, in whole or in part, by § 1201(f) of the Copyright Act.

## EIGHTH AFFIRMATIVE DEFENSE

80.     Metropolis owned the software in issue.

## NINTH AFFIRMATIVE DEFENSE

81.     Metropolis' actions constituted fair use.

## TENTH AFFIRMATIVE DEFENSE

82.     Plaintiff's claims are barred insofar as any enhanced or statutory damages sought are unconstitutionally excessive or disproportionate to any actual damages that may have been sustained in violation of due process of law.

## ADDITIONAL AFFIRMATIVE DEFENSES

83.     Metropolis reserves the right to supplement or amend this Answer, including through the assertion of additional affirmative defenses, based upon the course of discovery and proceedings in this action.

WHEREFORE, Defendant Metropolis demands judgment dismissing the Complaint herein and awarding it costs and reasonable attorneys' fees pursuant to § 505 of the Copyright Act, 17 U.S.C. § 505.

Dated:  New York, New York
         October 29, 2018

                    TANNENBAUM HELPERN SYRACUSE
                       & HIRSCHTRITT LLP


                    By:  /s/ L. Donald Prutzman
                     L. Donald Prutzman
                    Paul D. Sarkozi
                    Kristin G. Garris
                    900 Third Avenue
                    New York, New York 10022
                    212-508-6783
                    prutzman@thsh.com
                    Sarkozi@thsh.com
                    garris@thsh.com
                       *Attorneys for Defendant Metropolis Group, Inc.*

9