**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

December 11, 2018

**VIA ECF AND HAND DELIVERY**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10017

Re:   *Marshal Rosenberg v. Metropolis Group, Inc. et al.,*
      **Case No. 1:18-CV-04830 (AKH) – Recent Developments**

Dear Judge Hellerstein:

   We represent plaintiff Marshal Rosenberg ("Plaintiff" or "Rosenberg") in the above-captioned proceeding. We write to update the Court regarding two recent developments: (i) a lawsuit filed last week by third-party A&N Design Studio, Inc. d/b/a DOOR3 Business Applications ("Door3"), and (ii) to make of record defendant Metropolis Group, Inc.'s ("Metropolis") failure to comply with the Court's November 30, 2018 order to produce its agreement with Door3.

**I.   Door3's Action Against Rosenberg**

   At our status conference on November 30, 2018, Your Honor ordered Rosenberg to amend his complaint to name Door3 as an additional defendant by Friday, December 14, 2018. Four days later, aware Rosenberg would soon make it a defendant in this lawsuit, Door3 filed a bare-bones complaint against Rosenberg asking for declaratory judgments regarding issues to be decided in this action – namely, ownership of the software at issue and infringement – and additionally alleging tortious interference. *See A&N Design Studio d/b/a/ DOOR3 Business Applications v. Marshal Rosenberg*, Case No. 1:18-cv-11291, ECF Docket No. 1.[1] Rosenberg was made aware of Door3's lawsuit only yesterday. We wanted to bring this filing to the Court's attention immediately. In accordance with Your Honor's order, Mr. Rosenberg will, of course, timely amend to add Door3 as a defendant, and will take action, as necessary, against Door3's complaint at the appropriate time.

---

[1] As is clear on the face of Door3's complaint and the exhibits attached thereto, Door3 created the replacement program as a work for hire for Metropolis. That Door3 attached a copyright registration naming it as the owner of the replacement program suggests that Door3 has committed a fraud on the Copyright Office and the Court.

**PRYOR CASHMAN LLP**

The Honorable Alvin K. Hellerstein
December 11, 2018
Page 2

### II.   Metropolis's Non-Compliance

At the November 30th status conference, the Court further ordered Metropolis to produce its agreement with Door3 pursuant to which the infringing replacement program was created (the "Agreement"). After delaying for six days, counsel for Metropolis made a production of just part of the documents constituting the Agreement.[2] The documents produced clearly indicate that Door3 developed a "roadmap" document for the development of the replacement software, but the roadmap was not produced, nor was any document setting forth the requirements for the software to be built.

Metropolis has impeded our attempts to resolve the dispute over its inadequate production. In correspondence, it has adopted an overly narrow view of the Court's order, contending that the roadmap and development documents are not part of what "constituted the contract" between Metropolis and Door3. In an email yesterday, it added gratuitously that it "cannot confirm at this time whether or not documents [Rosenberg is seeking] exist or not" and recommended that Rosenberg instead seek such documents from Door3, in the lawsuit Door3 just brought against Rosenberg.

This latest conduct by Metropolis is yet another example of its and Door3's (likely coordinated) stonewalling, bullying, and deceptive tactics. It is imperative that, pursuant to Your Honor's Order, Metropolis provide the remaining documents from the Agreement, including the actual roadmap and product requirements (including user stories) to understand what Metropolis asked Door3 to build and what Door3 promised to deliver, the absence of which makes it much more difficult to properly articulate Mr. Rosenberg's claims against Door3.

Respectfully submitted,

Robert J. deBrauwere
*Counsel for Plaintiff*

Cc:   Counsel of Record (by ECF)

Samuel A. Blaustein
Raymond J. Dowd
*Counsel for Door3* (by email)

---

[2] The Agreement itself provides that "[t]he SOWs, together with any schedules, appendices and other attachments thereto or other agreements (including this Agreement) which are specifically incorporated therein . . . shall constitute the entire agreement."