```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
    MARSHAL ROSENBERG                        :    18-Civ-4830 (AKH)
                                                              :
                        Plaintiff,                            :
                                                              :         ANSWER OF
                 - against -                         :    METROPOLIS GROUP, INC.
                                                              :    TO FIRST AMENDED
    METROPOLIS GROUP, INC., JOHN DOES 1-      :        COMPLAINT
    10, JANE DOES 1-10, AND XYZ COMPANIES :
    1-10,                                                     :
                                                              :
                        Defendants.                       :
                                                              :
------------------------------------------------------------- x
```

Defendant Metropolis Group, Inc. ("Metropolis"), by its attorneys Tannenbaum Helpern Syracuse & Hirschtritt LLP, for its Answer to the First Amended Complaint (the "FAC") herein on behalf of itself:

1. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the FAC.

2. Admits the allegations of Paragraph 2 of the FAC.

3. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the FAC, except that, upon information and belief, said defendant has an address at 22 Cortlandt St., 11th Floor, New York, NY 10007.

4. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the FAC.

5. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the FAC.

6. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the FAC.

## JURISDICTION AND VENUE

7. States that Paragraph 7 of the FAC sets forth legal conclusions to which no response is required. To the extent facts are alleged they are denied.

8. States that Paragraph 8 of the FAC sets forth legal conclusions to which no response is required. To the extent facts are alleged they are denied.

9. Denies the allegations of Paragraph 9 of the FAC, except that Metropolis transacts business within New York and regularly does or solicits business in New York.

10. States that Paragraph 10 of the FAC sets forth legal conclusions to which no response is required. To the extent facts are alleged they are denied, except that Metropolis regularly conducts business in this District.

## FACTUAL ALLEGATIONS

11. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the FAC.

12. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the FAC.

13. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the FAC.

14. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the FAC, except that Metropolis "is in the New York City construction industry and offers permit expediting services along with other, related

services" and that Metropolis acquired certain software, or rights in certain software, from Plaintiff.

15. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the FAC.

16. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the FAC, except that, at a minimum, it had a license to the Application.

17. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the FAC.

18. Denies the allegations of Paragraph 18 of the FAC, except that Rosenberg and Metropolis did certain business until sometime in 2017 and that Rosenberg would from time to time purport to update or fix the Application.

19. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the FAC.

20. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the FAC.

21. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the FAC.

22. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the FAC.

23. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the FAC.

24. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the FAC.

25. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the FAC.

26. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the FAC.

27. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the FAC.

28. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the FAC.

29. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the FAC.

30. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the FAC concerning the content of communications in 2005 between Rosenberg and an unnamed informant, except denies that Metropolis sought to decompile the Application.

31. Denies the allegations of Paragraph 31 of the FAC.

32. Denies the allegations of Paragraph 32 of the FAC, except that Metropolis entered into a master services agreement with Door3 dated June 8, 2016, and respectfully refers the Court to said agreement for the contents thereof.

33. Denies the allegations of Paragraph 33 of the FAC, except that a statement of work was dated May 22, 2016, and respectfully refers the Court to said statement of work for the contents thereof.

34. Denies the allegations of Paragraph 34 of the FAC, except that in 2017 a Metropolis representative emailed Rosenberg concerning a purported update to the application, and respectfully refers the Court to said email for the contents thereof.

35. Denies the allegations of Paragraph 35 of the FAC, except that sometime in 2017 Rosenberg was advised that Metropolis would no longer be using Rosenberg's services.

36. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the FAC.

37. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the FAC.

38. Denies the allegations of Paragraph 38 of the FAC.

39. Denies the allegations of paragraph 39 of the FAC.

40. Denies the allegations in paragraph 40 of the FAC.

41. Denies the allegations in paragraph 41 of the FAC, except that Metropolis received Exhibit A to the FAC and respectfully refers the Court to Exhibit A for the contents thereof.

42. Denies the allegations of paragraph 42 of the FAC, except that Metropolis' counsel sent Exhibit B to the FAC to Rosenberg's counsel and respectfully refers the Court to Exhibit B for the contents thereof.

43. Denies the allegations of paragraph 43 of the FAC, except that Metropolis' counsel received Exhibit C to the FAC from Rosenberg's counsel, together with the enclosures thereto, and respectfully refers the Court to Exhibit C for the contents thereof.

44. Denies the allegations of paragraph 44 of the FAC, except that Metropolis' counsel sent Exhibit D to the FAC to Rosenberg's counsel, together with its enclosures, and respectfully refers the Court to Exhibit D for the contents thereof.

45. Denies the allegations of paragraph 45 of the FAC, except that Metropolis' counsel received Exhibit E to the FAC from Rosenberg's counsel, together with the enclosures thereto, and that Metropolis' counsel sent Exhibit F, together with its enclosures, to Rosenberg's counsel, and respectfully refers the Court to Exhibits E and F of the FAC for the contents thereof.

46. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the FAC.

47. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the FAC.

48. Denies the allegations of Paragraph 48 of the FAC, except that Rosenberg filed this lawsuit on May 31, 2018 and that on November 30, 2018 at the preliminary conference, the Court, *inter alia,* ordered Metropolis to provide Rosenberg with a copy of the agreement with the developer for development of the new application and ordered Rosenberg to make the developer a party to this lawsuit.

49. Denies the allegations of Paragraph 49 of the FAC, except that on December 6, 2018 Metropolis' counsel provided Rosenberg's counsel with a copy of the agreement with the developer as ordered by the Court, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Rosenberg confirmed that Door3 was the third-party developer of the new application based upon the documents provided by Metropolis' counsel.

50. Denies the allegations of Paragraph 50 of the FAC.

## FIRST CAUSE OF ACTION

51. As to Paragraph 51 of the FAC, repeats and realleges its responses to Paragraphs 1 through 50 of the FAC.

52. Denies the allegations of Paragraph 52 of the FAC.

53. Denies the allegations of Paragraph 53 of the FAC.

54. Denies the allegations of Paragraph 54 of the FAC.

55. Denies the allegations of Paragraph 55 of the FAC.

56. Denies the allegations of Paragraph 56 of the FAC.

57. Denies the allegations of Paragraph 57 of the FAC.

58. Denies the allegations of Paragraph 58 of the FAC.

59. Denies the allegations of Paragraph 59 of the FAC.

## SECOND CAUSE OF ACTION

60. As to Paragraph 60 of the FAC, repeats and realleges its responses to Paragraphs 1 through 59 of the FAC.

61. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the FAC.

62. Denies the allegations of Paragraph 62 of the FAC.

63. Denies the allegations of Paragraph 63 of the FAC.

64. Denies the allegations of Paragraph 64 of the FAC.

## THIRD CAUSE OF ACTION

65. As to Paragraph 65 of the FAC, repeats and realleges its responses to Paragraphs 1 through 64 of the FAC.

66. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the FAC.

67. Denies the allegations of Paragraph 67 of the FAC.

68. Denies the allegations of Paragraph 68 of the FAC.

69. Denies the allegations of Paragraph 69 of the FAC.

70. Denies the allegations of Paragraph 70 of the FAC.

71. Denies the allegations of Paragraph 71 of the FAC.

72. Denies the allegations of Paragraph 72 of the FAC.

## FOURTH CAUSE OF ACTION

73. As to Paragraph 73 of the FAC, repeats and realleges its responses to Paragraphs 1 through 72 of the FAC.

74. Denies the allegations of Paragraph 74 of the FAC.

75. Denies the allegations of Paragraph 75 of the FAC.

76. Denies the allegations of Paragraph 76 of the FAC.

77. Denies the allegations of Paragraph 77 of the FAC.

78. Denies the allegations of Paragraph 78 of the FAC.

## FIRST AFFIRMATIVE DEFENSE

79. The FAC fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, waiver, estoppel, or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are preempted, in whole or in part, by the Copyright Act or other provisions of law.

### FIFTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred, in whole or in part, by the license granted to Metropolis.

### SIXTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred, in whole or in part, by an implied license granted to Metropolis.

### SEVENTH AFFIRMATIVE DEFENSE

85. Metropolis' or others' alleged actions were protected, in whole or in part, by § 1201(f) of the Copyright Act.

### EIGHTH AFFIRMATIVE DEFENSE

86. Metropolis owned the software in issue.

### NINTH AFFIRMATIVE DEFENSE

87. Metropolis' actions constituted fair use.

### TENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred insofar as any enhanced or statutory damages sought are unconstitutionally excessive or disproportionate to any actual damages that may have been sustained in violation of due process of law.

**ADDITIONAL AFFIRMATIVE DEFENSES**

89.     Metropolis reserves the right to supplement or amend this Answer, including through the assertion of additional affirmative defenses, based upon the course of discovery and proceedings in this action.

WHEREFORE, Defendant Metropolis demands judgment dismissing the FAC herein and awarding it costs and reasonable attorneys' fees pursuant to § 505 of the Copyright Act, 17 U.S.C. § 505.

Dated:  New York, New York
        January 4, 2019

                              TANNENBAUM HELPERN SYRACUSE
                                 & HIRSCHTRITT LLP

                              By: /s/ L. Donald Prutzman
                               L. Donald Prutzman
                              Paul D. Sarkozi
                              900 Third Avenue
                              New York, New York 10022
                              212-508-6783
                              prutzman@thsh.com
                              Sarkozi@thsh.com
                                *Attorneys for Defendant Metropolis Group, Inc.*