UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARSHAL ROSENBERG,

                Plaintiff,                    No. 18-cv-04830 (AKH)

  -against-                              **ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIM**

METROPOLIS GROUP, INC., A&N DESIGN STUDIO, INC. D/B/A DOOR3 BUSINESS APPLICATIONS, JOHN DOES 1–10, JANE DOES 1–10, and XYZ COMPANIES 1–10,

                Defendants.
_____

      Defendant A&N Design Studio, Inc. d/b/a DOOR3 Business Applications ("Defendant" or "DOOR3"), by and through its attorneys, Dunnington Bartholow & Miller LLP, hereby answers the First Amended Complaint ("Complaint") filed by Marshal Rosenberg ("Plaintiff" or "Rosenberg") and respectfully asserts as follows:

## THE PARTIES

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "1" of the Complaint but believes the allegation to be true.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "2" of the Complaint, except, upon information and belief, admits that defendant Metropolis Group, Inc. has an address of 22 Cortlandt Street, 10th Floor, New York, New York 10007.

      3.     Admits the allegation contained in paragraph "3" of the Complaint.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "4" of the Complaint and avers that, to the extent the paragraph

contains a legal conclusion, no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "5" of the Complaint and avers that, to the extent the paragraph contains a legal conclusion, no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "6" of the Complaint and avers that, to the extent the paragraph contains a legal conclusion, no response is required.

## JURISDICTION AND VENUE

7. Paragraph "7" of the Complaint consists entirely of a legal conclusion, to which no response is required. To the extent an answer is deemed to be required, DOOR3 denies the allegations set forth in paragraph "7" of the Complaint.

8. Paragraph "8" of the Complaint consists entirely of a legal conclusion, to which no response is required. To the extent an answer is deemed to be required, DOOR3 denies the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that DOOR3 transacts business within New York and regularly does or solicits business in New York.

10. Paragraph "10" of the Complaint consists entirely of a legal conclusion, to which no response is required. To the extent an answer is deemed to be required, DOOR3 denies the allegations set forth in paragraph "10" of the Complaint except states that DOOR3 regularly conducts business in New York.

## FACTUAL ALLEGATIONS

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "18" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "19" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "21" of the Complaint except, upon information and belief, denies that the registration bearing registration number TX0008510881 issued from the United States Copyright Office in late April 2018.  DOOR3 expressly avers that the records of the United States Copyright Office speak for themselves.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "22" of the Complaint. DOOR3 expressly avers that the records of the United States Copyright Office speak for themselves.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "23" of the Complaint. DOOR3 expressly avers that the records of the United States Copyright Office speak for themselves.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "25" of the Complaint, but to the extent the "branding protections" described in paragraph "25" refer to encryption, avers that the Application's source code was encrypted.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the

allegation set forth in paragraph "31" of the Complaint.

32. Admits the allegation set forth in paragraph "32" of the Complaint to the extent that DOOR3 provides digital services and entered into the MSA with Metropolis, avers that the document speaks for itself and denies the balance of paragraph which, to the extent it seeks to characterize the business of DOOR3, does not require a response.

33. Denies the allegation set forth in paragraph "33" of the Complaint, except admits that a statement of work dated May 22, 2016 is incorporated in the MSA and that the document speaks for itself.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegation set forth in paragraph "37" of the Complaint.

38. Denies the allegation set forth in paragraph "38" of the Complaint.

39. Denies the allegation set forth in paragraph "39" of the Complaint.

40. Denies the allegation set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "41" of the Complaint and avers that Exhibit A speaks for itself.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "42" of the Complaint and avers that Exhibit B speaks for itself.

43. Denies knowledge or information sufficient to form a belief as to the truth of the

allegation set forth in paragraph "43" of the Complaint and avers that Exhibit C speaks for itself.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "44" of the Complaint and avers that Exhibit D speaks for itself.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "45" of the Complaint and avers that Exhibits E and F speak for themselves.

46. Denies the allegation set forth in paragraph "46" of the Complaint, except admits that Rosenberg's counsel reached out to counsel for DOOR3 and that DOOR3, through counsel, offered Rosenberg the opportunity to conduct an in-person inspection of the source code of a software program developed by DOOR3 for Metropolis to confirm the inaccuracy of the allegations now set forth in the Complaint.

47. Denies the allegation set forth in paragraph "47" of the Complaint, except admits that after Rosenberg, through counsel, stated that an in-person inspection of DOOR3's application source code would be unproductive and impractical, a further e-mail communication ensued between counsel for Rosenberg and counsel for DOOR3, and avers that the communication speaks for itself.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "48" of the Complaint, except admits upon information and belief that Rosenberg filed this lawsuit on May 31, 2018 and expressly avers that the Court did not require DOOR3 to be named as an additional defendant but instead set a deadline after which Rosenberg would waive the right to do so.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the

allegation set forth in paragraph "50" of the Complaint.

## FIRST CAUSE OF ACTION

51. Defendant repeats and realleges its responses to the foregoing paragraphs of the Complaint as though fully set forth herein.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegation contained in paragraph "55" of the Complaint.

56. Denies the allegation contained in paragraph "56" of the Complaint.

57. Denies the allegation contained in paragraph "57" of the Complaint.

58. Denies the allegation contained in paragraph "58" of the Complaint.

59. Denies the allegation contained in paragraph "59" of the Complaint.

## SECOND CAUSE OF ACTION

60. Defendant repeats and realleges its responses to the foregoing paragraphs of the Complaint as though fully set forth herein.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint, but to the extent the "branding" described in paragraph "61" refers to encryption, avers that the Application's source code was encrypted.

62. Denies the allegation contained in paragraph "62" of the Complaint.

63. Denies the allegation contained in paragraph "63" of the Complaint.

64. Denies the allegation contained in paragraph 64 of the Complaint.

### THIRD CAUSE OF ACTION

65. Defendant repeats and realleges its responses to the foregoing paragraphs of the Complaint as though fully set forth herein.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegation contained in paragraph "67" of the Complaint.

68. Denies the allegation contained in paragraph "68" of the Complaint.

69. Denies the allegation contained in paragraph "69" of the Complaint.

70. Denies the allegation contained in paragraph "70" of the Complaint.

71. Denies the allegation contained in paragraph "71" of the Complaint.

72. Denies the allegation contained in paragraph "72" of the Complaint.

### FOURTH CAUSE OF ACTION

73. Defendant repeats and realleges its responses to the foregoing paragraphs of the Complaint as though fully set forth herein.

74. Denies the allegations contained in paragraph "74" of the Complaint.

75. Denies the allegations contained in paragraph "75" of the Complaint.

76. Denies the allegations contained in paragraph "76" of the Complaint.

77. Denies the allegation contained in paragraph "77" of the Complaint.

78. Denies the allegation contained in paragraph "78" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

79. Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

81. DOOR3's actions are protected by § 1201(f) of the Copyright Act.

## FOURTH AFFIRMATIVE DEFENSE

82. DOOR3's actions are protected by § 1839(6)(B) of the Defend Trade Secrets Act.

## FIFTH AFFIRMATIVE DEFENSE

83. DOOR3's actions constituted fair use.

## SIXTH AFFIRMATIVE DEFENSE

84. The Complaint is barred by equitable principles, including laches, waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

85. The Complaint is barred by the doctrine of unclean hands due to Rosenberg's willful failure to examine the source code of DOOR3's program.

## EIGHTH AFFIRMATIVE DEFENSE

86. The Court lacks subject matter jurisdiction over Rosenberg's claim for violation of the Defend Trade Secrets Act, because plaintiff cannot allege a nexus between the alleged trade secrets and interstate commerce.

## ADDITIONAL AFFIRMATIVE DEFENSES

87. DOOR3 reserves the right to supplement or amend its Answer, including through the assertion of additional affirmative defenses, based upon the course of discovery and proceedings in this action.

## AND AS FOR A CROSS-CLAIM AGAINST METROPOLIS GROUP, INC.
**(Indemnification)**

88. On June 28, 2016, DOOR3 and Metropolis Group, Inc. ("Metropolis") entered into a Master Services Agreement ("MSA"), providing for DOOR3's provision of certain technical advice and consultation, system development and software development services.

89. In accordance with the MSA, Metropolis represented and warranted to DOOR3 that all content and materials supplied by Metropolis in connection with the MSA (the "Deliverables"), was the "sole property" of Metropolis, or else "used within the terms of a license held by [Metropolis] for the use of such materials, and did not infringe the rights (including copyright and trade secret rights) of any third party."

90. Moreover, pursuant to Sections 6.03 and 7.01 of the MSA, Metropolis agreed to indemnify, defend and hold harmless DOOR3 from and against any losses incurred or third-party claims asserted with respect to Metropolis' use of the Deliverables beyond the permissible scope of their use.

91. To the extent that DOOR3 is found liable to Plaintiff in connection with its development of the Replacement program, Metropolis is liable to DOOR3 for indemnification, as provided under the MSA.

92. DOOR3 therefore demands payment in full of all amounts due under the Client indemnity, as provided in the MSA.

**WHEREFORE**, DOOR3 respectfully requests that the Court enter judgment in its favor and against Rosenberg, as follows:

A. Denying all relief sought by Rosenberg in the Complaint;

B. Dismissing Rosenberg's claims against DOOR3 with prejudice;

C. Awarding DOOR3 its costs and reasonable attorneys' fees pursuant to 17 U.S.C.

§ 505;

  D. On its cross-claim against Metropolis Group, Inc., granting DOOR3's claim for indemnification to the extent of DOOR3's liability; and

  E. Any such other and further relief as the Court deems just, appropriate and equitable.

Dated: New York, New York
   February 14, 2019

           Respectfully submitted,

          **DUNNINGTON BARTHOLOW & MILLER LLP**

          By: /s Raymond J. Dowd
           Raymond J. Dowd
           Samuel Blaustein
           Kamanta C. Kettle
          230 Park Avenue, 21st Floor
          New York, New York 10169
          Tel: (212) 682-8811
          rdowd@dunnington.com
          sblaustein@dunnington.com
          kkettle@dunnington.com

          *Attorneys for Defendant A&N Design Studio, Inc.*
          *d/b/a DOOR3 Business Applications*