**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARSHAL ROSENBERG,<br><br>　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>METROPOLIS GROUP, INC., A&N DESIGN STUDIO D/B/A DOOR3 BUSINESS APPLICATIONS, JOHN DOES 1-10, JANE DOES 1-10 AND XYZ COMPANIES 1-10,<br><br>　　　　　　　　　Defendants. | ECF Cases<br><br><br><br>Civil Action No. 1:18-cv-04830-AKH |
| A&N DESIGN STUDIO D/B/A DOOR3 BUSINESS APPLICATIONS,<br>　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>MARSHAL ROSENBERG,<br>　　　　　　　　　Defendant. | Civil Action No. 1:18-cv-11291-AKH |

**DECLARATION OF ALEX ASIANOV IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**ALEX ASIANOV**, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

　　1.　　I am the President of Plaintiff A&N Design Studio Inc., d/b/a DOOR3 Business Applications ("DOOR3") and duly authorized to make this affidavit. I submit this affidavit in opposition to the motion filed by Defendant Marshal Rosenberg ("Rosenberg") on February 14, 2019, seeking to dismiss DOOR3's Complaint.

　　2.　　DOOR3 is a software development company with over 16 years of experience providing technical and consulting services, including strategy, designing, developing,

1

programming, and implementing computer software.

3. On June 28, 2016, DOOR3 entered into a Master Services Agreement (together with DOOR3's associated Statements of Work, the "MSA") with Metropolis Group, Inc. ("Metropolis"), pursuant to which DOOR3 worked with Metropolis to develop the Software by gathering information about Metropolis' business and industry needs, quality control and workflow requirements, and IT infrastructure; working with intended users of the Software at Metropolis to assess technical needs; designing the Software to address those needs.

4. This process involved retrieving data from Metropolis' old system, called Metropolis – Metro.exe (the "Application"), and integrating that data into a completely new, web-based system application written and developed exclusively by DOOR3. This process of data "migration" is an accepted and standard practice in the software industry.

5. In DOOR3's consultations with Metropolis prior to entering into the MSA, DOOR3 learned from Metropolis that the Application licensed to Metropolis by Rosenberg, was no longer suitable for its business. In particular, the Application was written in an outdated programming language called Visual FoxPro, which was only compatible with older versions of the Windows operating system and therefore discontinued in 2007.

6. DOOR3's web-based Software was developed to provide Metropolis with better, up-to-date technology suitable for its current business needs.

7. With respect to what would be considered copyrightable elements of Rosenberg's Application, DOOR3's Software is quite different: for one thing, the Software's programming source code is completely original. DOOR3's software also utilizes a different graphical user interface and relies upon a somewhat different "schema," or database structure, than Rosenberg's Application. In fact, the process of developing DOOR3's Software was fairly

complicated and cost significantly more than reflected in DOOR3's "Statement of Work" attached to the MSA.

8. However, because the Software was designed around Metropolis' specific business domain, *i.e.*, construction permit expediting for the New York City construction industry, the Software and Application share some similarities in terms of their content and schemata, or database structures. These similarities were incorporated into DOOR3's Software in order to facilitate the migration of data from the Application to the Software and accurately represent the structure of Metropolis' real-world business.

9. Under the MSA, DOOR3 periodically invoiced Metropolis for portions of the Software "Deliverables," *i.e.*, various stages of the Software, for which Metropolis was required to make payment in accordance with DOOR3's associated invoices. After Rosenberg sued Metropolis in May 2018, Metropolis notified DOOR3's counsel that it was seeking indemnification under the MSA and failed to complete payment for DOOR3's services under the MSA.

10. On February 16, 2018, I received a letter addressed to DOOR3 purporting to be from Rosenberg's attorney. The letter alleged that Metropolis was using a program, suspected to have been developed by DOOR3, that potentially infringed Rosenberg's rights in the Application. *See* Compl. Ex. D. In the letter, Rosenberg's counsel requested that DOOR3 provide documents and information regarding DOOR3's software program (the "Software"). (*Id.*)

11. DOOR3 did not decompile or copy Rosenberg's Application in the course of developing its Software and I authorized our counsel to offer Rosenberg an opportunity to inspect the Software's source code — which should be sufficient to prove there was no

3

copying. To date, Rosenberg has not accepted DOOR3's invitation to view its source code.

12. At the time DOOR3 filed this action, I had no idea that Rosenberg intended to name DOOR3 as a defendant in his lawsuit against Metropolis.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
February 28, 2019

_____
ALEX ASIANOV