**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARSHAL ROSENBERG, | ECF Cases |
| Plaintiff, | |
| -against- | |
| METROPOLIS GROUP, INC., A&N DESIGN STUDIO D/B/A DOOR3 BUSINESS APPLICATIONS, JOHN DOES 1-10, JANE DOES 1-10 AND XYZ COMPANIES 1-10, | Civil Action No. 1:18-cv-04830-AKH |
| Defendants. | |
| A&N DESIGN STUDIO D/B/A DOOR3 BUSINESS APPLICATIONS, | |
| Plaintiff, | Civil Action No. 1:18-cv-11291-AKH |
| -against- | |
| MARSHAL ROSENBERG, | |
| Defendant. | |

**PLAINTIFF DOOR3'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................1

FACTS ...........................................................................................................................3

    A.  DOOR3 Develops the Software for Metropolis..................................................3

    B.  Rosenberg's Counsel Contacts Door 3 for Information About the Software ....................5

ARGUMENT ....................................................................................................................6

  I.    LEGAL STANDARD.............................................................................................6

  II.   IN THE ABSENCE OF SPECIAL CIRCUMSTANCES, DOOR3'2 FIRST FILED-
       ACTION MUST PROCEED ...............................................................................8

    A.  DOOR3's Complaint is Not An improper Anticipatory Filing ....................................9

    B.  The Balance of Convenience Weighs In Favor of DOOR3's First-Filed Suite
       Proceeding..............................................................................................12

    C.  A Declaration as to DOOR3's Ownership of the DOOR3 Code Is Not Duplicative of
       Any Claim Asserted in the Metropolis Action, and Will Serve A Useful Purpose in
       Clarifying the Legal Relations Between the Parties ....................................................13

    D.  There Is A Present and Substantial Controversy Over DOOR3's Independent Creation
       of the DOOR3 Code....................................................................................15

  III.   DOOR3 Has Asserted A Claim For Tortious Interference ..............................................17

CONCLUSION..................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*16 Casa Duse, LLC v. Merkin*,
791 F.3d 247 (2d Cir. 2015)..................................................................9

*Abovepeer, Inc. v. Recording Indus. Ass'n of America, Inc.*,
166 F.Supp.2d 655 (N.D.N.Y. 2001)............................................9, 10, 12

*Ace Arts, LLC v. Sony/ATV Music Pub., LLC*,
56 F. Supp.3d 436 (S.D.N.Y. 2014)..............................................12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)................7, 8, 17

*Bausch & Lomb Inc. v. Mimetogen Pharm. Inc.*,
No. 14-cv-6640, 2015 WL 13574334 (W.D.N.Y. Sept. 28, 2015).........10

*Brass v. American Film Technologies, Inc.*,
987 F.2d 142 (2d Cir. 1993)..................................................................8

*BuddyUSA, Inc. v. Recording Indus. Ass'n of America, Inc.*,
21 Fed. Appx. 52 (2d Cir. 2001)......................................................8, 11

*c.f. Cont'l Cas. Co. v. Coastal Sav. Bank*,
977 F.2d 734,738 (2d Cir. 1992)..........................................................10

*Canon U.S.A., Inc. v. F & E Trading LLC*,
No. 15-cv-6015, 2017 WL 4357339 (E.D.N.Y. Sept. 29, 2017)...........14

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)..................................................................8

*Comedy Partners v. Street Players Holding Corp.*,
34 F.Supp.2d 194 (S.D.N.Y. 1999) ......................................................8

*Cont'l Cas. Co. v. Coastal Sav. Bank*,
977 F.2d at 737 ...................................................................................13

*Dow Jones & Co., Inc. v. Harrods, Ltd.*,
237 F. Supp.2d 394 (S.D.N.Y. 2002)....................................................7

*Emp'r Ins. of Wausau v. Fox Entm't Group, Inc.*,
522 F.3d 271 (2d Cir. 2008)............................................8, 11, 12, 13

*Forest Park Pictures v. Univ. Television Network, Inc.*,
   683 F.3d 424 (2d Cir. 2012)..................................................................................7

*J. Lyons & Co. Ltd v. Republic of Tea, Inc.*,
   892 F.Supp. 486 (S.D.N.Y. 1995) .......................................................................12

*Keiler v. Harlequin Enters. Ltd.*,
   751 F.3d 64 (2d Cir. 2014)....................................................................................7

*Kramer v. Lockwood Pension Servs., Inc.*,
   653 F.Supp.2d 354 (S.D.N.Y. 2009).....................................................................18

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*,
   23 F.Supp.3d 344 (S.D.N.Y. 2014) .......................................................................8

*Lennon v. Seaman*,
   84 F.Supp.2d 522 (S.D.N.Y. 2000) ......................................................................17

*Liberty Mut. Ins. Co. v. Fairbanks Co.*,
   17 F.Supp.3d 385 (S.D.N.Y. 2014) ......................................................................11

*Marvel Worldwide, Inc. v. Kirby*,
   756 F.Supp.2d 461 (S.D.N.Y. 2010).....................................................................14

*Marvel Worldwide, Inc. v. Kirby*,
   756 F.Supp.2d at 467–68 ......................................................................................14

*McBeth v. Porges*,
   171 F.Supp.3d 216 (S.D.N.Y. 2016).....................................................................16

*MK Systems, Inc. v. Schmidt*,
   No. 04 Civ. 8106 (RWS), 2005 WL 590665 (S.D.N.Y. Mar. 10, 2005) ...............10

*Nat'l Union Fire Ins. Co. of Pittsburg Pa. v. Int'l Wire Grp., Inc.*,
   No. 2 Civ. 10388, 003 ...........................................................................................7

*Rosenberg v. Metropolis Group, Inc., et al.*,
   Civ. No. 1:18-cv-04830 ................................................................................. *passim*

*Sasson v. Hachette Filipacchi Presse*,
   No. 15 Civ. 0194, 2016 WL 1599492 (S.D.N.Y. Apr. 20, 2016)..........................10

*Smith v. BarnesandNoble.com, LLC*,
   No. 12-cv-04374, 2014 WL 1088955 (S.D.N.Y. Mar. 18, 2014).........................13

*Thomas v. Apple-Metro, Inc.*,
   No. 14-cv-4120 (VEC), 2015 WL 505384 (S.D.N.Y. Feb. 5, 2015)......................10

**Statutes**

28 U.S.C. § 1367(a) ................................................................................................................17

28 U.S.C. § 1404(a) ................................................................................................................12

28 U.S.C. § 2201 ....................................................................................................................13

28 U.S.C. §2201(a) ..................................................................................................................6

Declaratory Judgment Act .......................................................................................................6

Digital Millennium Copyright Act...........................................................................................2

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 7, 8

Fed. R. Civ. P. 8 ...............................................................................................................7, 8

Fed. R. Civ. P. 11 ...........................................................................................................2, 3

Fed. R. Civ. P. 42(a) ...............................................................................................................1

Fed. R. Evid. 801(c) ..............................................................................................................12

Plaintiff A&N Design Studio, Inc., d/b/a DOOR3 Business Applications ("DOOR3") respectfully opposes Defendant Marshal Rosenberg's[1] ("Rosenberg") February 14, 2019 motion pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1) and 12(b)(6) to dismiss DOOR3's Complaint (the "Motion" or "Def.'s Mot."). The Motion should be denied.

## PRELIMINARY STATEMENT

This action was commenced on December 4, 2018, ten days before Rosenberg sought to add DOOR3 as a defendant in his action entitled *Rosenberg v. Metropolis Group, Inc., et al.*, Civ. No. 1:18-cv-04830 (the "Metropolis Action"). Rosenberg's Motion is based on a false assertion that DOOR3 sought to "get the jump on" Rosenberg by commencing an anticipatory action. However, the facts show that Rosenberg deceptively failed to name DOOR3 as a defendant in the Metropolis Action and instead sued DOOR3's client, Defendant Metropolis Group, Inc. ("Metropolis") because he knew that DOOR3 did not copy any of his worthless twenty (20) year-old code. Indeed, Rosenberg named DOOR3 as a defendant only after the Court ruled that he would be estopped from doing so unless he amended his complaint. By this time, Metropolis had sent notice to DOOR3 that it intended to seek indemnification for any damages sustained in the Metropolis Action. Rosenberg's actions have impaired its contractual relations with Metropolis and have cast a cloud over DOOR3's ownership in its own code, warranting relief to DOOR3.

In moving to dismiss, Rosenberg argues (1) that the DOOR3 Complaint is anticipatory; (2) that there is no live controversy; (3) that Metropolis owns any relevant copyright; and (4) that DOOR3 has failed to state a claim. Rosenberg's contentions are without merit and should be

---

[1] Rosenberg is named as a defendant in the action captioned *A&N Design Studio d/b/a DOOR3 Business Applications v. Marshal Rosenberg*, 1:18-cv-11291 (AKH), filed by DOOR3 on December 4, 2018. On February 26, 2019, the Hon. Alvin K. Hellerstein, U.S.D.J., entered an order pursuant to Fed. R. Civ. P. 42(a) consolidating this action with an action filed by Rosenberg on May 31, 2018 captioned *Marshal Rosenberg v. Metropolis Group, Inc., et al.*, 1:18-cv-04830 (AKH).

rejected.  *First,* DOOR3 was never threatened with suit so as to implicate the anticipatory filing doctrine.  To the contrary, DOOR3 was prejudiced by Rosenberg's failure to investigate his baseless copyright infringement claims when his counsel summarily refused to accept DOOR3's invitation to compare DOOR3's code with Rosenberg's, as required by Rule 11 of the Federal Rules of Civil Procedure.  Stated differently, Rosenberg chose to ignore facts that would hurt his position.  Instead, he commenced an action against an easier target: Metropolis.  *Second,* there is clearly a live controversy, as Rosenberg's claims have cast doubt on the ownership of DOOR3's software and code.  This has resulted in actual money damages to DOOR3 caused by Metropolis' failure to pay DOOR3 for work it completed under the MSA and Metropolis' choice to seek indemnification and arbitration.  *Third,* Rosenberg's conclusory statements as to ownership of the Software are a contested issue of fact and belied by the official records of the US Copyright Office. *Fourth,* DOOR3 has pleaded the requisite elements of each of its claims.  In the alternative, dismissal should be without prejudice to replead.

On February 16, 2018, ten months before naming DOOR3 in a lawsuit alleging copyright infringement, violation of the Digital Millennium Copyright Act ("DMCA") and trade secret misappropriation, counsel for Rosenberg wrote to DOOR3 expressing his concern that a software application DOOR3 developed (the "Software") for Metropolis "violate[d] Mr. Rosenberg's exclusive rights" in a program called Metropolis – Metro.exe, which Rosenberg developed for Metropolis in 2002 and updated periodically thereafter (the "Application").  This February 16, 2018 letter and the correspondence that followed to DOOR3's counsel sought information about DOOR3's involvement in the creation and development of the Software architecture.  On March 20, 2018, counsel for DOOR3 communicated that the Software in no way copied Rosenberg's Application, and offered Rosenberg an opportunity to inspect the Software's source code to show

that the code was original.  Rosenberg rejected that offer.

During his repeated pre-litigation requests for documents and information relating to the Software, Rosenberg did not specifically threaten DOOR3 with litigation.  Instead, Rosenberg spent months reiterating his requests for information from DOOR3 regarding the Software. Ultimately unsuccessful in obtaining that information, and despite having no evidence that DOOR3's Software infringed the Application, Rosenberg sued DOOR3's client Metropolis in May 2018.

DOOR3 filed this action for declaratory relief after it became apparent that DOOR3 would be forced to undertake costly and unreasonable measures to prove to its client Metropolis that it did not infringe the Application.  These measures were occasioned solely by Rosenberg's unreasonable refusal to investigate his claims by inspecting the DOOR3 Software, despite DOOR3's warnings that the failure to investigate constituted a Rule 11 violation.

DOOR3 now seeks a declaration that it did not infringe the Application and, in fact, owns the Software.  DOOR3 further seeks a declaration that Rosenberg tortiously interfered in its business by leveling unsubstantiated threats of infringement against Metropolis, causing Metropolis to stop payment under its services agreement with DOOR3 and seek indemnification from DOOR3.  The Court indicated at the February 22, 2019 status conference that it was not inclined to dismiss DOOR3's claims, and on February 26, 2019 issued an order consolidating the DOOR3 action with the Metropolis Action.

## **FACTS**

### A.  DOOR3 Develops the Software for Metropolis

Plaintiff DOOR3 is a software development company with over 16 years of experience providing technical and consulting services, including strategy, designing, developing,

programming, and implementing computer software.  Declaration of Alex Asianov dated February 28, 2019 (the "Asianov Decl.") ¶ 2.  On June 28, 2016, DOOR3 and Metropolis entered into a Master Services Agreement (together with DOOR3's associated Statements of Work, the "MSA").  *Id.* at ¶ 3; *see also* Compl. Ex. A.  Pursuant to the MSA, DOOR3 worked with Metropolis to develop the Software by gathering information about Metropolis' business and industry needs, quality control and workflow requirements, and IT infrastructure; working with intended users of the Software at Metropolis to assess technical needs; and designing the Software to address those needs.  Asianov Decl. ¶ 3.  This process involved retrieving data from Metropolis' old system — the Application — and integrating that data into a completely new, web-based system application written and developed exclusively by DOOR3.  *Id.* at ¶ 4.

Prior to entering into the MSA, DOOR3 learned from Metropolis that its previous technology, the Application licensed to Metropolis by Rosenberg, was no longer suitable for its business.  *Id.* at ¶ 5.  In particular, the Application was written in an outdated programming language called Visual FoxPro, which was only compatible with older versions of the Windows operating system and therefore discontinued in 2007.  *Id.*  DOOR3's web-based Software was, accordingly, developed to provide Metropolis with better, up-to-date technology suitable for its current business needs.  *Id.* at ¶ 6.

The Software developed by DOOR3 differs in several respects from Rosenberg's application.  *See id.* at ¶ 7. Among these differences, the Software is written in a completely different programming language, utilizes a different graphical user interface and relies upon a different "schema," or database structure, than Rosenberg's Application. *Id.*

Under the MSA, DOOR3 periodically invoiced Metropolis for portions of the Software "Deliverables," *i.e.*, various stages of the Software, for which Metropolis was required to make

payment in accordance with DOOR3's associated invoices. *Id.* at ¶ 9.  Incidentally, after Rosenberg sued Metropolis in May 2018, Metropolis notified DOOR3's counsel that it was seeking indemnification under the MSA and failed to pay DOOR3 for services it completed under the MSA. *Id.*

### B.  Rosenberg's Counsel Contacts DOOR3 for Information About the Software

On February 16, 2018, long before either DOOR3 or Metropolis was sued, counsel for Rosenberg wrote to DOOR3 requesting documents and information regarding the Software.  *Id.* ¶ 10; *see also* Compl.¶ 14, Ex. D.  Rosenberg's counsel requested confirmation that DOOR3 was involved in the development of the Software and sought the identities of any third-party developers of the Software; details and descriptions of the Software' system architecture; a description of the process by which DOOR3 developed the Software; examples of representations made to DOOR3 by Metropolis about ownership of the Application; and confidential details concerning DOOR3's business relationship with Metropolis, including a copy of the MSA.  *See id.* ¶ 10; Compl. Ex. D.

In a phone call with Rosenberg's counsel on March 20, 2018, DOOR3's counsel responded to the allegations made in Rosenberg's February 16th letter and, in particular, denied that DOOR3 had infringed Rosenberg's rights in the Application.  Decl. of Raymond J. Dowd, dated February 28, 2019 ("Dowd Decl."), ¶ 3.  DOOR3, through counsel, offered to allow Rosenberg to inspect its source code, which it believed would quickly demonstrate there had been no copying.  Asianov Decl. ¶ 11; Dowd Decl. ¶ 3; *see also* Compl. Ex. E.  Instead of seizing upon that opportunity, Rosenberg outright rejected DOOR3's invitation to inspect the DOOR3 Code.  *See* Asianov Decl. ¶ 11; Dowd Decl. ¶ 4; Compl. Ex. E.

Even after rejecting DOOR3's invitation to review the Software's source code, Rosenberg's counsel reiterated his pre-litigation requests for documents and information pertaining to

DOOR3's development of the Software. Compl. Ex. E.  On April 5, 2018, DOOR3's counsel again offered Rosenberg an opportunity to review the Software's source code, and alternatively offered to prepare a report and/or response on behalf of DOOR3 if Rosenberg covered DOOR3's legal fees.  Dowd Decl. ¶ 4; *see also* Compl. Ex. E.  Rosenberg failed to pursue either alternative.  *See* Dowd Decl. ¶ 6.

On May 31, 2018, Rosenberg sued Metropolis in the United States District Court for the Southern District of New York, alleging that Metropolis and an unnamed "developer" had infringed Rosenberg's copyright in the Application and underlying software, circumvented certain "branding" protections placed on the software, and misappropriated Rosenberg's trade secrets.  *See id.*  Shortly thereafter, on June 22, 2018, counsel for Metropolis sent a letter to DOOR3 invoking the indemnification provisions of the MSA.  Asianov Decl. ¶ 9; Dowd Decl. ¶ 7, Ex. A.  Faced with the possibility of mounting costs and legal fees stemming from Rosenberg's misguided assertion that DOOR3 had "decompiled" and copied his Application, DOOR3 availed itself of this Court on December 4, 2018, seeking a declaration that its Software did not infringe Rosenberg's Application.

Ten days later, after learning that DOOR3 filed this action for a declaration of non-infringement, Rosenberg quickly amended his complaint in the Metropolis Action to add DOOR3 as a defendant, having been advised by the Court that he had until December 14, 2018 to do so or otherwise forever waive its rights.  *See* Dowd Decl. ¶ 8.

## **ARGUMENT**

### I.    **LEGAL STANDARD**

The Declaratory Judgment Act authorizes the Court "[i]n a case of action controversy within its jurisdiction, . . . [to] declare the rights and other legal relations of any interested party

seeking such declaration, whether or not relief is or could be sought." 28 U.S.C. § 2201(a). The main purpose of the Declaratory Judgment Act is to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Nat'l Union Fire Ins. Co. of Pittsburg Pa. v. Int'l Wire Grp., Inc.*, No. 2 Civ. 10388, 003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003) (quoting *Luckenbach Steamship Co. v. United States*, 312 F.2d 545, 548 (2d Cir. 1963)); *see also Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp.2d 394, 405 (S.D.N.Y. 2002) (noting that the Declaratory Judgment Act is designed to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." quoting *Beacon Const. Co. Inc. v. Mateo Elec. Co., Inc.*, 521 F.2d 392, 397 (2d Cir. 1975)).

A court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must accept all factual allegations pleaded in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed 2d 929 (2007)). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d at 68 (citing *Bell Atl. Corp. v. Twombly*, 550, 127 S.Ct. 1955, 167 L.Ed 2d 929 (2007)); *see also Forest Park Pictures v. Univ. Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) ("The complaint must state a claim that is plausible on its face." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed 2d 929 (2007))). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Forest Park Pictures v. Univ. Television Network, Inc.*, 683 F.3d at 429 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

In considering the sufficiency of a complaint's pleaded allegations, Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1937, 1949 (2009). This rule "does not require 'detailed factual allegations.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Under Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F.Supp.3d 344, 353 (S.D.N.Y. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93, , 127 S.Ct. 2197 (2007) (quotation marks omitted)). The Court may also consider upon a motion to dismiss under Rule 12(b)(6): "documents attached to the a complaint as exhibits or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 959 F.2d 42, 48 (2d Cir. 1991)); *see also Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## II.    IN THE ABSENCE OF SPECIAL CIRCUMSTANCES, DOOR3'S FIRST FILED-ACTION MUST PROCEED.

As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority.  *Emp'r Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) (citations omitted).  This "first-filed doctrine," "embodies considerations of judicial administration and conservation of resources" by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Id.*; *see BuddyUSA, Inc. v. Recording Indus. Ass'n of America, Inc.*, 21 Fed. Appx. 52, 53 (2d Cir. 2001).  There is generally a strong presumption in favor of honoring the first filed doctrine. *Comedy Partners v. Street Players Holding Corp.*, 34 F.Supp.2d 194, (S.D.N.Y. 1999).  The Court appears to have applied this principal in issuing an Order consolidating the

actions on February 26, 2019.  (ECF 54).

There is no legitimate dispute that the instant declaratory suit is the first-filed action.  The Second Circuit has made clear that a declaratory judgment as to a lack of infringement is proper in circumstances such as this and, further, that the Copyright Act's full panoply of rights, including awards of costs and fees, are available to plaintiffs like DOOR3.  *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 263–64 (2d Cir. 2015) (citing *Latin Am. Music Co. v. Am. Soc'y Of Composers, Authors & Publishers (ASCAP)*, 642 F.3d 87, 90 (1st Cir. 2011)).  While Rosenberg presumably knew of DOOR3's involvement in the development of what he calls the "Replacement Program" many months before DOOR3 filed this action, he failed to add DOOR3 as a party in his suit against Metropolis, leaving DOOR3 with no choice but to seek a declaration of its rights in the DOOR3 code.  *Cf. Abovepeer, Inc. v. Recording Indus. Ass'n of America, Inc.*, 166 F.Supp.2d 655, 661 (N.D.N.Y. 2001) (noting that record companies who were "not included in [plaintiff's] first amended complaint who then brought actions in the Southern District [of New York,] filed-first[sic] in that forum.").  In addition, rather than confront DOOR3's defenses to his claims of copyright infringement and trade secret misappropriation, Rosenberg sued Metropolis over the DOOR3 software, ultimately damaging DOOR3's business relationship with Metropolis and engendering claims as between DOOR3 and Metropolis for indemnification.  Rosenberg's own actions — including his failure to investigate his claims by reviewing the DOOR3 source code — have damaged DOOR3 and created uncertainty as well as legal insecurity with respect to the Software and DOOR3's business, and the Court should permit DOOR3's claims against Rosenberg to proceed.

A.    DOOR3's Complaint is Not An Improper Anticipatory Filing.

The facts demonstrate that DOOR3's Complaint was filed after ten months of uncertainty

as to whether it would be sued in the Metropolis Action.  With no indication from Rosenberg that he intended to assert a claim against DOOR3 and mounting damage to DOOR3 resulting from the cloud of uncertainty cast upon its software application by Rosenberg's unfounded allegations, DOOR3 was well within its rights to seek certainty via a declaration of non-infringement. Courts in this district have repeatedly condoned the filing of a declaratory judgment action in order to avoid this very scenario. *See Sasson v. Hachette Filipacchi Presse*, No. 15 Civ. 0194, 2016 WL 1599492, at *3–4 (S.D.N.Y. Apr. 20, 2016) (filing a declaratory action deemed proper where import of defendant's cease and desist letter was eventual legal action); *Bausch & Lomb Inc. v. Mimetogen Pharm. Inc.*, No. 14-cv-6640, 2015 WL 13574334, at *6 (W.D.N.Y. Sept. 28, 2015) ("[A]nticipatory filing of a declaratory judgment action is not improper where the opposing party has created a controversy by threatening litigation but has withheld filing suit." (citation omitted); *c.f. Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734,738 (2d Cir. 1992) (declaratory relief intended to avoid precisely the "accrual of avoidable damages to one not certain of his rights"). Having had ample opportunity to file suit against DOOR3 prior to the commencement of this action and failing to do so, Rosenberg cannot be heard to complain that DOOR3's filing is improperly anticipatory.  *See Abovepeer, Inc. v. Recording Indus. Ass'n of America, Inc.*, 166 F.Supp.2d at 659 (Declaratory judgment plaintiff "not required to wait until [its] adversary should see fit to begin suit." (internal citation and quotation marks omitted)).

While special circumstances may justify setting aside the presumption in favor of the first-filed rule and giving priority to a later-filed action, those circumstances are "quite rare" and absent in this case. *Thomas v. Apple-Metro, Inc.*, No. 14-cv-4120 (VEC), 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015) (citing *Emp'r Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d at 275–76.  Indeed, only when the first-filed action is an "'improper anticipatory filing' or was motivated

by forum shopping" will a court find special circumstances limiting the application of the first-filed rule. *MK Systems*, *Inc. v. Schmidt*, No. 04 Civ. 8106 (RWS), 2005 WL 590665, at *3 (S.D.N.Y. Mar. 10, 2005) (citing *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 332 (S.D.N.Y 1998).  Clearly, no basis exists to support a claim of improper forum shopping, as DOOR3 has filed this declaratory action in the same forum as Rosenberg's related action against Metropolis. Likewise, there is no basis for Rosenberg's claim that the instant action is an improper anticipatory filing.

District courts have often refused to characterize a suit as improperly anticipatory where it is filed in response to a notice letter that does not explicitly "inform[] a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit. . . ." *BuddyUSA, Inc.*, 21 Fed.Appx. at 55 (noting that a declaratory action is not improperly anticipatory where it is filed in response to a letter that is indicative of negotiations).  Moreover, the Second Circuit has declined to characterize as improperly anticipatory a lawsuit filed in response to mere requests for information. *See Emp'r Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F. 3d at 276 (finding that declaratory judgment action was not improperly anticipatory "[a]lthough litigation was clearly on the horizon, evidenced by the parties' retention of coverage counsel and the general tenor of the communications leading up to the action . . . [because] there was no . . . communication conveying a specific threat of litigation.").

As is evident from Rosenberg's own exhibits to his motion to dismiss, DOOR3's Complaint is not an improper anticipatory filing.  In particular, neither Rosenberg nor his counsel can point to any statement in their various correspondences with DOOR3 and/or its counsel in which Rosenberg threatens DOOR3 with legal action.  *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F.Supp.3d 385 (S.D.N.Y. 2014) ("Pre-suit correspondence that merely seeks information . . . is not

enough [to dismiss a declaratory judgment action], even if litigation is on the horizon; there must be a "notice letter or other communication conveying a specific threat of litigation.").   Rather, Rosenberg's correspondences were overtly investigatory in nature.   To the extent Rosenberg had any intent to sue DOOR3, such intent was not disclosed through those correspondences and cannot be the basis of a claim that DOOR3's declaratory suit is improperly anticipatory.

Moreover, the notion that "Door3 was aware it would be added to the Metropolis Action before it filed this action" is entirely unfounded and, in any event, based upon a hearsay document that this Court is not bound to accept for its truth.   Fed. R. Evid. 801(c); *Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp.3d 436, 441–42 (S.D.N.Y. 2014) (noting that documents outside of a complaint may not be used to prove the truth of their contents (internal citations omitted)).   Even if it were true that counsel for Metropolis emailed DOOR3's counsel on December 4, 2018 to inform him that the Court had directed Rosenberg to join DOOR3 as a defendant in the Metropolis Action by December 14, 2019, such correspondence is not tantamount to a "specific threat of litigation" transforming this action into an improper anticipatory filing. *See Emp'r Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d at 277 (action not improperly anticipatory when it was "not a response to a direct threat of litigation by Appellees.").

    B.    The Balance of Convenience Weighs In Favor of DOOR3's First-Filed Suit Proceeding.

Courts have also declined to uphold the first-filed rule where the balance of convenience favors allowing the second suit to proceed. *Abovepeer, Inc. v. Recording Indus. Ass'n of America, Inc.*, 166 F.Supp.2d 655 at 657 (citing *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991).   In analyzing the balance of convenience, courts consider the same factors used in a

motion for a change of venue pursuant to 28 U.S.C. § 1404(a).[2]   *Id.* As noted above, DOOR3's choice of the same forum selected by Plaintiff for the Metropolis Action is a clear indication that DOOR3 did not engage in forum shopping in bringing this action, rendering the balance of convenience factors neutral as between DOOR3 and Rosenberg, or else heavily weighted in favor of maintaining this declaratory action. *See Emp. Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d at, 274 (finding that "[A]n even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first filed rule" citing *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 751 (S.D.N.Y. 1977)).

   C.   A Declaration as to DOOR3's Ownership of the DOOR3 Code Is Not Duplicative of Any Claim Asserted in the Metropolis Action, and Will Serve A Useful Purpose in Clarifying the Legal Relations Between the Parties.

Generally, it is within a district court's discretion to exercise jurisdiction over a claim for declaratory relief.   28 U.S.C § 2201.   Moreover, contrary to Rosenberg's assertion, the mere pendency of another action involving the same set of facts does not, in and of itself, preclude the Court's exercise of jurisdiction. *Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d at 737.   Rather, a court may only dismiss a counterclaim for declaratory relief "if it is clear that there is a *complete identity* of factual and legal issues" between the coercive action and the declaratory action. *Smith v. BarnesandNoble.com, LLC*, No. 12-cv-04374, 2014 WL 1088955, at *1 (S.D.N.Y. Mar. 18, 2014) (emphasis added).   By contrast, a court "must" entertain a declaratory judgment action in two circumstances: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations at issue, or (2) when it will terminate and afford relief from the uncertainty,

---

[2] Those factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with governing law; (8) the weight according a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *J. Lyons & Co. Ltd v. Republic of Tea, Inc.*, 892 F.Supp. 486, 492 (S.D.N.Y. 1995).

insecurity, and controversy giving rise to the proceeding.  *Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp.3d 436, 446 (S.D.N.Y. 2014) (citing *Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d at 737).

A claim for declaratory relief is not duplicative or redundant if it "asserts an independent case or controversy that survives the dismissal of plaintiff's claim." *Marvel Worldwide, Inc. v. Kirby*, 756 F.Supp.2d 461, 467 (S.D.N.Y. 2010); *see also Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15-cv-6015, 2017 WL 4357339, at *10–11 (E.D.N.Y. Sept. 29, 2017) (denying motion to dismiss on grounds that claim for declaratory relief raised an independent controversy). In fact, Second Circuit law provides that where a declaratory judgment is necessary to protect a business interest and, in particular, avoid future litigation in the event a coercive action is terminated, a claim for declaratory relief will not be deemed duplicative of the claims in the coercive action. *See Marvel Worldwide, Inc. v. Kirby*, 756 F.Supp.2d at 467–68 (citing *Leach v. Ross Heater & Mfr. Co.*, 104 F.2d 88 (2d Cir. 1939) (where declaration is necessary to protect the declaratory judgment plaintiff and avoid future litigation in the event the coercive action is terminated, claim for declaratory relief asserts an independent case or controversy).  DOOR3's first and third claims for relief in this action more than satisfy this standard.

Resolving DOOR3's claims in this action — in particular, determining whether DOOR3 independently created the DOOR3 code without copying or gaining access to Rosenberg's purported trade secrets — will clarify and settle not only the legal relations between Rosenberg and DOOR3 in the Metropolis Action, but also the relations between Rosenberg and Metropolis, and will provide DOOR3 with assurance that it cannot be sued in the future over the copyright validity of its Software.  Specifically, Rosenberg's allegations of infringement have cast a cloud upon DOOR3's integrity and the validity of the Software, and have caused Metropolis to withhold

14

payment for the DOOR3 Deliverables and invoke the arbitration and indemnification provisions of the MSA. *See* Compl. ¶ 20.  That cloud will likely remain over DOOR3's business relationship with Metropolis until DOOR3 obtains a declaration that it independently created the Software.

In addition, Rosenberg has not asserted (and, frankly, cannot assert) that DOOR3's claims in this action are merely duplicative of Rosenberg's claims in the Metropolis Action. *See* Def.'s Mot. 4 (asserting only that the issues raised in the Metropolis Action "fully encompass" the declaration of non-infringement sought by DOOR3), 5 n.3, 6 (characterizing DOOR3's request for a declaration as to its ownership of a copyright in what Rosenberg calls the "Replacement Program" as "ancillary").  On the contrary, DOOR3 has asserted yet another independent controversy in this action; that is, whether Rosenberg has tortiously interfered with its business relationship with Metropolis.  Even if Rosenberg withdraws his claims in the Metropolis Action (or, more likely, those claims are dismissed), DOOR3's claim for damages resulting from Rosenberg's assertion prior to and since filing the Metropolis Action that DOOR3's Software infringes his copyright in the Application and/or Original Software will persist.  Accordingly, the Court should exercise jurisdiction over each of DOOR3's claims for declaratory relief.

> D.     There Is A Present and Substantial Controversy Over DOOR3's Independent Creation of the DOOR3 Code.

As discussed above, DOOR3's claims present an actual, independent case and controversy warranting declaratory relief as to DOOR3's rights in the DOOR3 Code.  That is, Rosenberg frames the present controversy in terms of *how much* of his Application DOOR3 allegedly copied in creating the Replacement Application, *see* Def.'s Mot. 7, whereas DOOR3 denies that there was *any* copying of *any* protectable element of Rosenberg's Application or its underlying source code, and therefore asks for a declaration that DOOR3's code is original, not derived from any code or application created by Rosenberg, and therefore owned by DOOR3 as an original work.

15

Moreover, while Rosenberg makes much ado about Metropolis' presumed rights to the DOOR3 Application, he selectively disregards provisions of the MSA which make clear that DOOR3, and not Metropolis, owns the copyright in the DOOR3 Code and Application.   As Rosenberg points out, Section 4.01 of the MSA provides that "work product shall belong exclusively to Client *upon payment of all invoices related to such Deliverables.*" MSA § 4.01 (emphasis added). Whether Metropolis has fully paid DOOR3's invoices is an issue of fact for trial.  While DOOR3 did not explicitly plead that Metropolis failed to make the requisite payments satisfying the preconditions to ownership of the Software, the Court may take judicial notice of the terms of the MSA.  *McBeth v. Porges*, 171 F.Supp.3d 216, 221 (S.D.N.Y. 2016) ("In considering a Rule 12(b)(6) motion, a court may consider documents attached to the complaint; statements or documents incorporated into the complaint by reference; . . . and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit." citing *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013)).  Moreover, Rosenberg fails to alert the Court's attention to Article 5 of the MSA, titled "Intellectual Property," of which Section 5.01 makes clear that "title to the Proprietary Information developed by DOOR3, including all ownership rights to patents, *copyrights, trademarks and trade secrets and knowhow in connection therewith, with the exception of any deliverables completed at the request of Client, shall be the exclusive property of DOOR3.*  MSA § 5.01 (emphasis added).  "Proprietary Information" is defined in the MSA to include the Deliverables which, as Rosenberg points out, includes DOOR3's Software.  MSA § 1.02.  At most, Rosenberg has identified ambiguities in the MSA which create an issue of fact as to  DOOR3's ownership of the Software.[3]  In any event, Rosenberg's argument in this regard is

---

[3] To the extent Rosenberg asserts that DOOR3 committed fraud on the Copyright Office, *see* Def.'s Mot. 8 n.8, this assertion is without merit.  A party seeking to establish fraud on the Copyright Office bears the "heavy burden" of establishing that the application for copyright registration is factually inaccurate, that

a red-herring, as DOOR3's copyright registration is *prima facie* evidence of its ownership of the Software. To the extent there are issues of fact pertaining to the validity of DOOR3's registration, those can be resolved in litigation and are not appropriate for determination on a motion to dismiss.

### III.   DOOR3 Has Asserted A Claim For Tortious Interference.

The Court has supplemental jurisdiction over DOOR3's claim for tortious interference because it forms part of the same case or controversy as the federal claims asserted in this action. 28 U.S.C. § 1367(a). Specifically, the Complaint alleges that (1) DOOR3 had a business relationship with Metropolis; (2) Rosenberg ultimately learned of that relationship and intentionally interfered with it, unfairly pressing allegations that the Software copied his Application notwithstanding DOOR3's denial of any wrongdoing and offer to allow Rosenberg an opportunity to inspect its source code; (3) Rosenberg's aim was to "get dirt" on Metropolis; hence, his insistence that DOOR3 answer pre-litigation, pre-discovery information requests focused on Metropolis' disclosures to DOOR3 about the Application, involvement in the development of DOOR3's Software, and planned or implemented use of the Software; and (4) Rosenberg's actions subsequently damaged DOOR3's business relationship with Metropolis. Dowd Decl. ¶ 7; Asianov Decl. ¶ 9. These facts sufficiently state a claim for tortious interference with DOOR3's contractual relations or prospective economic advantage. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 547 (internal citations omitted)). The Complaint also sufficiently pleads that Rosenberg tortiously interfered with DOOR3's contractual and business relations by pursuing frivolous claims for

---

the inaccuracies were willful or deliberate, and that the Copyright Office relied on those misrepresentations. *See Lennon v. Seaman*, 84 F.Supp.2d 522, 525 (S.D.N.Y. 2000) (citations omitted).

copyright infringement and trade secret misappropriation in this Court notwithstanding his refusal to inspect DOOR3's source code, which would have confirmed that DOOR3 did not copy any portion of the Application.  *See* Dowd Decl. ¶ 4; Asianov Decl. ¶ 11; *see also Kramer v. Lockwood Pension Servs., Inc.*, 653 F.Supp.2d 354, 382 (S.D.N.Y. 2009) (Under New York law, litigation or the threat of litigation can give rise to a claim for tortious interference with contractual relations (citing *Univ. City Studios, Inc. v. Nintendo Co., Ltd.*, 797 F.2d 70, 75 (2d Cir. 1986))). Accordingly, the Court should not dismiss this claim.

## CONCLUSION

For the foregoing reasons, the Court should deny Rosenberg's motion to dismiss DOOR3's claims in its entirety or, in the alternative, dismissal should be without prejudice to replead.

Dated: New York, New York
February 28, 2019

Respectfully submitted,

**DUNNINGTON  BARTHOLOW  &  MILLER LLP**

By: /s _____
Raymond J. Dowd
Samuel Blaustein
Kamanta C. Kettle
230 Park Avenue, 21st Floor
New York, New York 10169
Tel: (212) 682-8811
rdowd@dunnington.com
sblaustein@dunnington.com
kkettle@dunnington.com