IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSHAL ROSENBERG,<br><br>        Plaintiff,<br><br> -against-<br><br>METROPOLIS GROUP, INC., A&N DESIGN STUDIO, INC. D/B/A DOOR3 BUSINESS APPLICATIONS, JOHN DOES 1-10, JANE DOES 1-10 and XYZ COMPANIES 1-10,<br><br>        Defendants. | ECF Cases<br><br>No. 1:18-cv-04830 (AKH) (BCM) |
| A&N DESIGN STUDIO d/b/a DOOR3 BUSINESS APPLICATIONS,<br><br>        Plaintiff,<br><br> -against-<br><br>MARSHAL ROSENBERG,<br><br>        Defendant. | No. 1:18-cv-11291 (AKH) (SDA) |

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

The above-captioned parties (collectively, the "Parties") hereby stipulate to the entry of a Protective Order in the above-captioned consolidated actions (collectively, the "Actions") as follows:

1. Counsel for any party, or subpoenaed third party, may designate any document or information, or any deposition testimony, in whole or in part, as CONFIDENTIAL, if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information.

Information and documents so designated by a party shall be stamped "CONFIDENTIAL" on each page that contains protected material. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." Where the designation applies in part only, the portions so designated shall be clearly marked. Deposition testimony so designated shall be identified on the record. All deposition transcripts shall be deemed "Confidential" for thirty (30) days after the delivery of the transcript without the need for designation.

2. Counsel for any party may, subject to the limitations set forth below, designate any document or information, in whole or in part, or any deposition testimony, as CONFIDENTIAL — ATTORNEYS EYES ONLY, if, but only if, and only to the extent that, such document, information or testimony contains highly sensitive, non-public information that would harm a party's competitive position or other significant rights if disclosed to others and counsel determines, in good faith, that such designation is necessary to protect the interests of the client in such information. Qualifying documents, information or testimony so designated by a party shall be stamped "CONFIDENTIAL — ATTORNEYS EYES ONLY." Subject to the terms of Paragraph 9 herein, no party shall, through counsel or otherwise, designate any computer program, or any aspect thereof (including, but not limited to, any code or image thereof or information or data contained therein), or any documents or information specifically related to the development of the Replacement Program (as that term is defined in the First Amended Complaint dated Dec. 13, 2018) (the "Replacement Program"), as CONFIDENTIAL — ATTORNEYS EYES ONLY.

3. Information designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS EYES ONLY shall collectively be referred to as "Designated Information." The

protections conferred by this Stipulation and Order cover not only Designated Information (as defined above), but also (1) any information copied or extracted from Designated Information; (2) all copies, excerpts, summaries, or compilations of Designated Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Designated Information. Any use of Designated Information at trial shall be governed by the orders of the Court. This Order does not govern the use of Designated Information at trial.

4. Any Designated Information disclosed will be held and used by the person receiving such information solely for use in connection prosecuting, defending, or attempting to settle the Actions.

5. In the event a party challenges a designation of confidentiality pursuant to Paragraph 1 or 2 above, counsel shall make a good faith effort to resolve the dispute by conferring directly with counsel for the designating party. In conferring, unless otherwise agreed, the challenging party must explain in writing the basis for its challenge, and the designating party must respond in writing within seven days. If at that time the parties remain unable to resolve the dispute, the challenging party may seek resolution by the Court. In any such proceeding the designating party shall bear the burden of proof in supporting the challenged designation.

6. Nothing in this Protective Order constitutes an admission by any party that Designated Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Designated Information.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. Outside counsel of record for the receiving party, and employees of outside counsel assigned to and necessary to assist in the litigation;

    b.    In-house counsel for the receiving party;

    c.    Marshal Rosenberg, the Principal(s) of Metropolis Group, Inc. and the Principal(s) of A&N Design Studio, Inc. d/b/a DOOR3 Business Applications;

    d.    Non-attorney employees of the receiving party assigned to and necessary to assist in the litigation;

    e.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    f.    Court reporters, videographers, contractors engaged for the limited purpose of making copies of documents or organizing or processing documents and/or electronically stored information;

    g.    The Court and its personnel (including any mediator, or other person having access to any Designated Information by virtue of his or her position with the Court);

    h.    Any person who authored, received, was copied on, or otherwise had prior non-wrongful access to the Designated Information or previously received a copy of the Designated Information;

    i.    During their depositions, witnesses, and attorneys for witnesses;

    j.    Professional jury or trial consultants or mock jurors; and

    k.    any other person upon such terms and conditions as the parties may agree or as the Court may hereafter by Order direct.

8.    Documents designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY" shall not be disclosed to any person except those listed in Paragraphs 7(a), 7(b), 7(e), 7(f), 7(g), 7(h) and 7(k) above.

9.    Any computer program designated "CONFIDENTIAL" pursuant to Paragraph 2 above, or any documents or information specifically related to the development of the Replacement Program, shall not be disclosed to any person except those listed in Paragraphs 7(a), 7(b), 7(c), 7(d), 7(e), 7(f), 7(g), 7(h), 7(i) and 7(k) above.

Prior to disclosing or displaying Designated Information to any person other than the Court, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    For persons identified in Paragraphs 7(d), 7(e), 7(i), or 7(j) require the person to sign an agreement to be bound by this Order in the form attached hereto.

10.    The disclosure of a document or information without designating it as Designated Information shall not constitute a waiver of the right to designate such document or information as Designated Information.  If so designated, the document or information shall thereafter be treated as Designated Information subject to all the terms of this Stipulation and Order, provided, however, that such subsequent designation shall not affect anything occurring prior to the receipt of said designation by counsel for the receiving party.

11.    (a) Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, provided, however, that principles of subject matter waiver shall apply to intentional waivers for purposes of this case only.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b) The disclosure of any inadvertently produced privileged or work product protected material shall cease to be "inadvertent" if a non-producing party notifies the producing party in writing (including by email) of the disclosure and the producing party does not request the return of the privileged or work product protected matter within ten (10) days.

12. This Stipulation and Order shall not affect:

    a. any producing party's prior rights to use Designated Information in its unfettered discretion;

    b. any party's right to object to any discovery demand on any ground;

    c. any party's right to seek an order compelling discovery with respect to any discovery demand;

    d. any party's right to object to the admissibility of any document or information on any ground; or

    e. any party's preexisting rights in and to any documents, information, or property.

13. At the conclusion of litigation, Designated Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain subject to the protections of this Order. Litigation shall be deemed concluded at the later of (1) dismissal of all claims and defenses in the Actions, with prejudice, or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

14. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Information to any person or in any circumstance not authorized under this Stipulation and Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Designated Information ; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the form attached hereto.

**SO STIPULATED AND AGREED:**

Dated: March 4, 2019          By: _____
                                  **PRYOR CASHMAN LLP**
                                  Robert J. deBrauwere
                                  rdebrauwere@pryorcashman.com
                                  Attorneys for Marshal Rosenberg

Dated: March 4, 2019          By: _____
                                  **TANNENBAUM HELPERN SYRACUSE &
                                  HIRSCHTRITT LLP**
                                  Donald L. Prutzman
                                  Paul D. Sarkozi
                                  sarkozi@thsh.com
                                  Attorneys for Metropolis Group, Inc.

7

Dated: March 4, 2019

By: _____

**DUNNINGTON BARTHOLOW & MILLER LLP**

Kamanta C. Kettle
Samuel Blaustein
Raymond Dowd
*kkettle@dunnington.com*
Attorneys for A&N Design Studio d/b/a Door3 Business Applications

**SO ORDERED**:

_____
U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSHAL ROSENBERG,<br><br>                              Plaintiff,<br><br>     -against-<br><br>METROPOLIS GROUP, INC., A&N DESIGN STUDIO, INC. D/B/A DOOR3 BUSINESS APPLICATIONS, JOHN DOES 1-10, JANE DOES 1-10 and XYZ COMPANIES 1-10,<br><br>                              Defendants. | ECF Cases<br><br>No. 1:18-cv-04830 (AKH) (BCM) |
| A&N DESIGN STUDIO d/b/a DOOR3 BUSINESS APPLICATIONS,<br><br>                              Plaintiff,<br><br>     -against-<br><br>MARSHAL ROSENBERG,<br><br>                              Defendant. | No. 1:18-cv-11291 (AKH) (SDA) |

**<u>Agreement</u>**

  I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order (the "Order") in the above-captioned consolidated actions (collectively, the "Actions"). I agree to abide by the terms of the Order and not to disclose any Designated Information produced in the Actions other than as permitted by the Order. I further agree that, at the conclusion of the Actions I will return all Designated Information to the party or attorney from whom I received it.

  By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this agreement, and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


DATED: _____                    _____